DAVID TUXBURY, appellant from a decree of the judge of probate. York. Decided December 17, 1877.

*Executors and administrators.*

A surety upon a probate bond cannot sustain an appeal from a decree of the judge of probate settling the account of his principal; or upon a petition requiring such principal to charge himself in account with assets alleged to have come to his hands or interest thereon.

Such appeal, where one is to be made, must be taken in the name of the accounting principal, who is the person directly affected by the decree. *Woodbury* v. *Hammond*, 54 Maine, 332, affirmed.

The re-enactment of a statute after a judicial construction of its meaning, is to be regarded as a legislative adoption of the statute as thus construed.

ON REPORT.

The case was made up at the May Term, S. J. C., 1877, and thus stated:

" Samuel Whitton, of Saco, in said county, died testate, seized
of real and personal estate. Bradbury Seavey was appointed
administrator, with will annexed, April 7, 1868, and gave bond in
usual form, with Lucinda Whitten, Charles Hill and David Tux-
bury as sureties. Penal sum, $30,000. Seavey settled his first
account December 8, 1868, leaving apparently $10,625.19 in his
hands.

" He filed his second account in October, 1874, and notice
thereon was duly issued and proved. By this account there would
appear to be something over $7,600 balance in his hands at that
time.

" August 19, 1876, suit was commenced in the name of the
judge of probate, by a party claiming to be interested, upon the
administrator's bond, and is now pending. On August 19, 1876,
the real estate of Tuxbury was attached upon the writ in that
suit, and upon August 23, 1876, a further attachment of his per-
sonal property was made on the writ. At the time of the com-
mencement of the suit, Hill and Lucinda Whitten had deceased,
Hill being insolvent. Service in the suit is made only upon Tux-
bury, Seavey being then a resident of the state of Florida and for
more than two years previous.

" Upon the first Tuesday of September, 1876, a person claim-
ing to be interested in the estate of the testator, petitioned the
judge of probate to order the said administrator to charge himself
with the sum of $4000 as interest, profit and income derived from
said estate, and to require an immediate settlement of his second
account, and also filed a petition for the removal of the adminis-
trator.

" Upon notice the administrator came in by attorney, and ver-
ified his account by proper vouchers, and also appeared to show
cause why he should not be charged with the amount of $4000, as
prayed for in said petition.

" At the December term, 1876, of said court, the judge of pro-
bate ordered and decreed as follows :

" ' State of Maine, York, ss. Probate Court, December Term,
A. D. 1876. On the foregoing petition, the same having been
duly considered, it is decreed that said Bradbury Seavey charge

himself with interest on the balance of his first account, deducting subsequent payments, the amount of said interest being $3207.66.

Nathaniel Hobbs, Judge.'

"December 18, 1876, Tuxbury, claiming to be a person interested and aggrieved, appealed from said order and decree, and upon the same day duly filed his reasons of appeal and bond as required by law. Thereupon his appeal was allowed and proceedings staid.

"At this term of the court, after seasonable and due service of the reasons of appeal, Tuxbury entered his appeal.

"For the purposes of this hearing, it is agreed that Seavey is insolvent and pecuniarily worthless, and was at the time of the commencement of the suit upon said bond, and for a long time before.

"Either party may have any of the documents referred to copied as a part of the case.

"The case is reported for the decision of the law court, upon the foregoing evidence or so much thereof as is admissible. The court are to determine whether the appeal shall stand or be dismissed."

*R. P. Tapley*, for the appellant, under various positions, cited *Deering* v. *Adams*, 34 Maine, 41; *Pierce* v. *Irish*, 31 Maine, 254; *Thurlough* v. *Chick*, 59 Maine, 395; *Farrar* v. *Parker*, 3 Allen, 556; *Boynton* v. *Dyer*, 18 Pick. 1; *Smith* v. *Sherman*, 4 Cush. 408, 409; *Paine* v. *Goodwin*, 56 Maine, 411. He endeavored to discriminate this case from *Woodbury* v. *Hammond*, 54 Maine, 332. The surety in that case claimed an appeal from the allowance of an account which his principal had filed and was putting himself at issue with his principal; and there was no suit pending and no attachment of the surety's property in that case.

*H. Fairfield*, for the appellees, relied upon *Woodbury* v. *Hammond*, *supra*, as decisive.

BARROWS, J. The surety who has guarantied his principal's fidelity and accuracy to the probate court and thereby procured the trust to be committed to him, must, out of proper regard for

the rights of other persons interested, be content to let that prin-
cipal represent him in that forum in the adjustment of the trust
accounts while he is capable of doing it.

The principal, and he alone, can properly be said to be both
directly and injuriously affected by an erroneous decree requiring
him to account for more than he admits to be and more than there
is in his hands. It is the amount of the principal's liability which
is ascertained by the decree, and he is primarily and ultimately
responsible for that amount unless he appeals from the decree.
The surety can be holden only by and through an action at com-
mon law upon the bond, to which he would have a full and com-
plete defense if his principal collusively suffered a surcharge in his
accounts for the benefit of the parties interested in the estate, to
the detriment of himself and his sureties. *Baylies, Judge,* v.
*Davis,* 1 Pick. 206.

But it was early seen that the business of probate courts would
be seriously and uselessly embarrassed unless it was held that
those only who had a direct as well as a pecuniary interest in the
subject of the decree were entitled to appeal. See *Downing* v.
*Porter,* 9 Mass. 386, where one of the heirs of a residuary legatee
was denied the right to appeal because the claim should have been
made through the administrator of the legatee, representing all
the heirs. In like manner as the administrator in that case repre-
sented the heirs entitled to the fund through his intervention, the
accounting administrator here must represent his sureties, because
he is the one directly affected by the decree, and they only
through him and by means of a suit at common law. All their
substantial rights are guarded. If the administrator here has no
cause to appeal, this appellant has none. If, on the contrary, the
administrator or his sureties supposed he had good reason to ques-
tion the correctness of this decree it would have been as easy for
this appellant to have enabled him to prosecute the appeal as it
was to undertake its prosecution himself. If the administrator in
collusion with the parties interested in the estate refuses to per-
mit the prosecution of an appeal in his name in a case where there
is an erroneous decree, it would be available to the sureties, as we
have already seen in defense of the suit on the bond by which

their liability is to be established. On the other hand, if he and the sureties are colluding to furnish them a defense on the bond, both he and they must abide the consequences. But fraudulent collusions on either side are not to be presumed. We refer to the matter only to make sure that the rights of all concerned can be well guarded, while the rule that those only shall be regarded as aggrieved and shall have the right of appeal whom the decree directly affects is adhered to.

This discussion may be deemed superfluous for this court, upon full consideration, decided in *Woodbury* v. *Hammond*, 54 Maine, 332, 342, that a surety upon a probate bond could not be considered as aggrieved by a decree respecting the settlement of his principal's account, because, though pecuniarily, he was not directly interested in the decree. This decision was made in 1866. Five years afterwards the statute, the construction of which was thus settled, went into the new revision unchanged in this particular. This is to be regarded as a legislative adoption of the construction thus given. *Cota* v. *Ross*, 66 Maine, 161, 165, and cases there cited.

We find nothing in the case of *Farrar* v. *Parker*, 3 Allen, 556, which we deem sufficient cause for reversing our own decision thus adopted by the legislature. No good reason is shown there nor here why the appeal should not be taken in the name of the accountant who is directly affected by the decree. The opinion there seems to proceed upon the idea that the surety is more directly affected by the decree in cases of insolvency of the principal than where the principal has the property and means to protect him. But if he is not directly affected by a decree against a solvent principal, he does not become so, because the chances of his being indirectly affected by a decree against an insolvent one are greater. There is no distinction in principle between the case at bar and *Woodbury* v. *Hammond*, 54 Maine, 332 ; and that case must be regarded as decisive of this.

A single additional reason why the appeal in a case of this sort should be in the name of the accounting party may be referred to. It is with him that the chief knowledge of the facts bearing upon the question of liability ordinarily resides. He cannot be

permitted to screen himself and his sureties by shutting his mouth and withholding the necessary information. Where, as here, he has taken himself out of the jurisdiction of the court, if one who bound himself for his fidelity to his trust can sustain an appeal from the probate court in his own name, it might be difficult for the opposite party to furnish the proof which it was the duty of the accounting principal to afford, and which under R. S. c. 82, § 85. he might be compelled to afford upon an appeal taken as it should be in his own name.

*Appeal dismissed.   Costs for respondents.*

APPLETON, C. J., WALTON, VIRGIN, PETERS and LIBBEY, JJ., concurred.