DOYLE, RESPONDENTS, *v.* GORE, APPELLANT.

[Submitted January 15, 1895.   Decided January 21, 1895.]

ASSAULT—*Damages—Judgment in criminal case as evidence.*—A judgment of con-
viction for assault and battery before a justice of the peace is inadmissible in
evidence to establish the fact of assault and battery, in an action for damages
brought by the person assaulted against the defendant.

*Appeal from Eighth Judicial District, Cascade County.*

ACTION for the assault and battery.   Judgment was ren-
dered for the plaintiff by BENTON, J.   Reversed.

*Thomas E. Brady,* for Appellant.

The exhibit admitted in evidence contains none of the ele-
ments of a judgment-roll, and objection to its admission was
improperly overruled.   It was offered as a judgment-roll and
contained no judgment.   Moreover, it being a judgment of an
inferior court of limited jurisdiction, the jurisdiction of such
court will not be assumed (*Deer Lodge County* v. *At,* 3 Mont.
170; *Territory* v. *Hildebrand,* 2 Mont. 426); and in the case
at bar there was no attempt at showing that the police magis-
trate ever had jurisdiction or was qualified to enter any judg-
ment of the nature this one was calculated to be.

*Donovan & Lyter,* for Respondent.

PEMBERTON, C. J.—This is an action by plaintiff to recover
damages claimed to have been sustained by him on account of
an assault and battery alleged to have been committed by
defendant upon plaintiff.

The case was tried with a jury, and a verdict rendered in
favor of plaintiff for five hundred dollars.   Judgment was
entered thereon for said amount.   From this judgment, and
an order of the court denying a new trial, the defendant
appeals.

It appears that, after the commission of the alleged assault
and battery, the defendant was arrested therefor, and tried and
convicted before a justice of the peace.   In the trial of this
case for damages resulting from said assault and battery, the
court, over the objection of defendant, permitted the plaintiff

to introduce in evidence the transcript of the justice's docket, who tried the criminal case against the defendant. This is assigned as error.

In 1 Greenleaf on Evidence, fifteenth edition, section 537, it is said: "Upon the foregoing principles, it is obvious that, as a general rule, a verdict and judgment in a *criminal case*, though admissible to establish the fact of the mere *rendition* of the judgment, cannot be given in evidence in a civil action, to establish *the facts on which it was rendered.*"

In section 538 the same author, speaking of a case exactly like the one at bar, says: "But if he were convicted of the offense, and then is sued in trespass for the assault, the record in the former case would not be in evidence to establish the fact of the assault; for, as to matters involved in the issue, it is *res inter alios acta.*" (And see authorities cited.)

The defendant may have been convicted upon perjured or incompetent testimony, or by collusion, or his conviction may have been the result of prejudice on the part of the justice or the jury. In this case the introduction of this evidence may have been very prejudicial to the defendant. Whether or not the defendant committed the assault and battery alleged was an issue in the case. By the justice's transcript the plaintiff claims that the assault and battery was shown, leaving the jury to determine only the amount of damage plaintiff had sustained by reason thereof. The court gave no instruction as to the purpose of this evidence. Nor does the record disclose any particular purpose for which it was admitted. But accepting plaintiff's statement in his brief as to the purpose of its introduction, we are of opinion that it was error to admit it in this case. It certainly did prove, or tend to prove, the facts upon which judgment of the justice was rendered. Such being the intended purpose and effect of the evidence, its admission was error.

The judgment is reversed and cause remanded for a new trial.

*Reversed.*

DE WITT, J., and HUNT, J., concur.