JUDGE OF PROBATE *vs.* FRANK QUIMBY, and another.

Androscoggin.          Opinion February 18, 1897.

*Probate.  Bond.  Surety.  Decree.*

In an action upon a probate bond, the sureties cannot be heard to question the validity of a decree regularly passed by the probate court against their principal in matters covered by the bond.

AGREED STATEMENT.

This was an action brought in the name of the judge of probate, for the county of Androscoggin, by William H. Newell as administrator de bonis non with the will annexed, of the estate of Caleb Blake, late of Turner, deceased, against the defendants as sureties upon the bond given by Rufus Prince as executor of the last will and testament of said Caleb Blake; and was submitted to the law court upon an agreed statement of facts which are sufficiently stated in the opinion of the court.

*W. H. Newell and W. B. Skelton*, for plaintiff.

Counsel argued:—

(1.)   That these associations were mutual life insurance companies, that Blake legally made these sums payable to his estate, or his executor for the benefit of his estate, and that he did so make them payable as provided by the by-laws of said associations.

(2.)  That Prince had the legal right to collect these sums from said associations; that he did so, and that he has failed to render an account of the same.

(3.)  That no fraud or collusion is shown in the settlement of the account, that the decree thereon is binding upon these defendants, and that these defendants are legally liable in this suit to make good this deficiency.

*A. R. Savage and H. W. Oakes,* for defendants.

The fund, in the absence of any legal designation, belonged to the widow of Caleb Blake, who survived him, and not to his estate. *Stowe* v. *Phinney,* 78 Maine, 244, and cases; *Martin* v. *Ætna Ins. Co.,* 73 Maine, 25.

The right of the beneficiaries named in the certificate or by-laws, not only to hold the fund, but to sue for and recover it in their own names, is now settled in this country by an almost universal practice.

Prince received this money in trust. It was a personal trust, not an official trust. It was a trust not contemplated by the law or by the will. It was a trust which he originated by his act after these sureties had signed his bond. It was no part of his official duty to receive this money, and the sureties should not be held liable for its payment. *Hooker* v. *Bancroft,* 4 Pick. 50 ; *White* v. *Ditson,* 140 Mass. 351.

SITTING : PETERS, C. J., WALTON, EMERY, HASKELL, WHITE-HOUSE, STROUT, JJ.

EMERY, J.  Rufus Prince was executor of the will of one Caleb Blake. As such executor he included in his inventory of personal estate two claims against certain relief associations, amounting to $2500. He afterward collected these claims and receipted for them as executor. He died before settling any account, and his account as such executor was finally settled in the probate court by his own administrator, Mr. Savage. The inventory returned by Mr. Prince in his lifetime was made the basis of this settlement. Mr. Prince was charged with the $2500

received by him and was adjudged by the probate court to owe the estate a balance of nearly $3500. The estate of Mr. Prince was thereupon represented insolvent by his administrator.

After the death of Mr. Prince, Mr. Newell was appointed administrator de bonis non with the will annexed of the estate of Caleb Blake, to which Mr. Prince had been adjudged to be indebted as above stated. The estate of Mr. Prince not being sufficient to pay the full amount adjudged to be due, Mr. Newell, for the Caleb Blake estate, obtained leave from the probate court to bring this action of debt against the sureties upon the bond given to the judge of probate by Mr. Prince as executor. There is no suggestion of any irregularity, fraud or other infirmity in any of the procedure or decrees of the probate court.

These sureties now urge that the money ($2500) received from the relief associations did not belong to the estate of Caleb Blake, but to other parties, and that Mr. Prince in fact and law held the money in trust for such other parties, and hence should not have been charged with it in his account as executor.

The plaintiff contends that the question thus mooted is solely for the probate court and cannot be litigated here. This contention must be sustained. This court is now sitting as a common law court to render a common law judgment in a common law action. The accounts between an executor and the estate he is administering are properly cognizable by the probate court. That court has the power and procedure suitable for determining and adjusting the respective accounts, duties and rights of the executor, heirs, legatees and creditors of an estate. This court (except perhaps in equity) can determine and adjust such matters only when sitting as the Supreme Court of Probate upon appeals from the probate court of the first instance. *Thurlough* v. *Chick*, 59 Maine, 395; *Hanscom* v. *Marston*, 82 Maine, 288; *Woodbridge* v. *Tilton*, 84 Maine, 94; *Morris* v. *Porter*, 87 Maine, 510. Any re-examination or re-adjustment of the accounts of Mr. Prince as executor must be in that court.

The sureties further urge, however, that they could not be heard in the probate court, and had no right of appeal, and hence are

not bound by the judgment, and must be heard here or be condemned unheard. This point must also be overruled. The bond they signed was a bond to the court, a bond in course of judicial procedure, somewhat like an appeal bond. The sureties were fully and effectually represented in the probate court by their principal, or in this case by his representative, his administrator. They signed the bond for the protection of the estate, and of all persons interested in it, against their principal. In signing it they, in effect, stipulated that their principal should abide and and perform the decrees of the court upon all questions between him and the estate within the court's jurisdiction. They did not stipulate for any opportunity to object to any proceedings. They intrusted the representation of their principal's rights and interests to the principal himself. As well might the sureties upon an appeal bond question the judgment of the appellate court, as the sureties upon a probate bond question the decree of the probate court in cases within its jurisdiction. *Woodbury* v. *Hammond*, 54 Maine, 332; *Thurlough* v. *Chick*, 59 Maine, 395; *Tuxbury's Appeal*, 67 Maine, 267.

In *Judge of Probate* v. *Toothaker*, 83 Maine, 195, it was held that the sureties upon a guardian's original bond could show, in a common law action against them, that the money with which their principal had been charged came into his hands from sales of real estate upon special licenses for which he had given other bonds with other sureties. The plaintiff simply sued upon the wrong bond. The original bond only covered transactions as to personal estate. The sureties upon it could show, not that the decree was erroneous, but that it did not concern them. In this case the transactions sought to be reviewed concerned the personal estate solely, and were directly within the purview of the defendant's obligation.

The counsel agree that the amount of the adjudged indebtedness (assuming that it cannot be re-adjusted here) remaining unpaid January 1, 1895, is $1,246.09. This sum the defendants are liable for with interest.

*Judgment for the plaintiff.*