Robinson v. Kaae, 22 Haw. 403.

# W. J. ROBINSON, THIRD JUDGE OF THE CIRCUIT COURT OF THE FIRST CIRCUIT, TERRITORY OF HAWAII, *v.* JESSIE K. KAAE, JOHN F. COLBURN AND ANTONINO A. LONG.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED DECEMBER 16, 1914.                    DECIDED JANUARY 2, 1915.

ROBERTSON, C.J., WATSON, J., AND CIRCUIT JUDGE EDINGS IN PLACE OF QUARLES, J.

BONDS—*words and phrases—"lawful orders."*

The phrase "lawful orders" in the condition of a probate bond that the principal shall "obey all lawful orders and directions of this court" does not mean orders free from error. An order made by a court having jurisdiction to make it is a lawful order though it be erroneous.

PRINCIPAL AND SURETY—*probate bonds—conclusiveness on sureties of judgment against principal.*

An order made by a circuit judge in probate against an executrix holding her to be indebted to the estate in a certain sum of money, surcharging her with such sum, and directing her to pay same into court, is, in the absence of fraud, conclusive against the sureties in an action on the bond, though the sureties, not being parties to the proceeding in which the order was made, could not have appealed from the order.

APPEAL AND ERROR—*appeals from orders of circuit judges in probate—parties.*

The sureties on the bond of an executrix who were not parties to a proceeding in probate on the settlement of the accounts of the executrix in which an order was made surcharging her with a certain sum of money cannot appeal from such order under R. L. Sec. 1859.

OPINION OF THE COURT BY ROBERTSON, C. J.

This is an action brought by the obligee named in a bond given in probate by the executrix of the will and estate of Margaret V. Carter, deceased, against the principal and sureties thereon, for breach of condition. The plaintiff had judgment in the circuit court, and the case is here on the bill of excep-

tions of the principal and one of the defendant sureties. The execution of the bond as alleged was admitted. The proofs showed an order made on November 5, 1910, and entered as of October 29, 1910, by the circuit judge sitting at chambers in probate, in the matter of the said estate, disallowing the final accounts of the principal as executrix and as administratrix *pendente lite,* surcharging her with the sum of $730.28, and directing her to deposit said sum within ten days with the clerk of the court; and the failure of the executrix to comply with the order. The defendants offered testimony to show that the moneys, or a portion thereof, with which the principal had been so surcharged, had not been received by her in her capacity as executrix, but as administratrix *pendente lite* or as agent for trustees under the will, in neither of which situations did the bond in suit apply; the contention of the defendants being that they could be held liable for only such moneys as the principal had received and failed to account for as executrix. The circuit judge declined to admit the evidence.

Under the exceptions counsel for the defendants make two contentions, namely, that the order surcharging the principal in the bond shows on its face that she was surcharged with the sum named as a whole but in two capacities, executrix and administratrix *pendente lite;* and that that order was, at most, only *prima facie* evidence against the sureties, and that they should have been allowed to contradict or explain it, and show that it was erroneous.

The order in question recited that "The final account of Jessie K. Kaae, as administratrix *pendente lite,* and the final account of Jessie K. Kaae as executrix of the will of Margaret V. Carter, deceased," were heard, with certain objections thereto interposed by the guardian for certain minor heirs of the deceased, upon evidence adduced, and it was ordered and decreed that "the final accounts of the said Jessie K. Kaae, as administratrix *pendente lite* and as executrix of the will of the above named deceased, be and the same are hereby disallowed

and disapprovd * * * that the said Jessie K. Kaae, as such executrix as aforesaid, is now indebted to the above named estate in the sum of $730.28 * * * that the said Jessie K. Kaae, as such executrix, be and she is hereby surcharged with the said sum of $730.28 * * * and that the said Jessie K. Kaae, as such executrix, within ten days from the date hereof, deposit with the clerk of this court the said sum," etc. It appears, therefore, that, though the accounts of the principal in both capacities were before the probate judge, and that both accounts were disallowed, it was in her capacity as executrix only that the order held her to be indebted to the estate, surcharged her, and directed her to pay the amount of the indebtedness into court. In view of this we are unable to sustain the first contention of counsel.

The conditions of the bond sued on were that "if said bounden principal shall well and truly execute the duties of her office, and shall well and truly account for all moneys and property that shall come to her hands or control as such executrix, and shall well and truly obey all lawful orders and directions of this court in the matter of the administration, distribution and disposition of the estate of Margaret V. Carter, deceased, then this obligation shall be void, otherwise of full force and effect." The phrase "lawful orders" does not mean orders free from error. We may assume for the present purpose that the order in probate was wrong in that it surcharged the principal as executrix for the whole sum named though a part of it was not received by her in that capacity. But the order cannot be attacked collaterally on that ground, and there is no suggestion that it was void for the want of jurisdiction in the circuit judge to make it, or for any other reason. An order made by a court having jurisdiction to make it is a lawful order though it be erroneous. *In the Matter of Cohen*, 5 Cal. 494; *Bearns* v. *Gould*, 77 N. Y. 455, 458; *Harrison* v. *Clark*, 87 N. Y. 572, 577. On the general subject of the conclusiveness against the sureties on a bond of a judgment against their principal

the authorities are not in harmony, though there is little conflict on the point among the cases involving bonds similar to that in suit here. The terms of the obligation which represent the contract between the parties should constitute the dominant factor in determining the rights of the sureties. This was recognized in the case of *Rodini* v. *Lytle,* 17 Mont. 448, cited in the defendant's brief. That was an action against the principal and sureties on the bond of a constable, the condition of which was that the principal "shall faithfully perform all the duties of his said office as constable according to law." It was held that the judgment against the principal was not even *prima facie* evidence against the sureties. The court said (p. 450), "It is held by many courts that, when a bond is given to the effect that a principal will do a certain act,—as, for instance, pay a certain sum of money, or satisfy a judgment,—then the sureties are bound that he shall do such act; and the judgment against the principal is conclusive against the sureties. But that is not this case, and that question need not here be treated. The bond here was not for the performance of a specific act, but it was for general good and faithful conduct. It is as to judgments against principals who have given bonds of this nature—that is, official bonds of sheriffs and constables—that the difference of opinions among the authorities exists, and which difference we shall now note." The case of *Moses* v. *United States,* 166 U. S. 571, was an action against one of the sureties on a bond given by a disbursing officer of the United States, the condition of which was that the principal "shall and doth at all times henceforth and during his holding and remaining in said office carefully discharge the duties thereof and faithfully expend all public money and honestly account for the same and for all public property which shall or may come into his hands on account of Signal Service, U. S. Army, without fraud or delay." It was shown that in an action brought by the United States against the officer upon his defalcation judgment had been rendered against him. Judgment against the surety

was affirmed. The court said (p. 600), "Neither surety was a party to that judgment which was solely against Howgate, and the record in that case was admitted in evidence under the objection and exception of the defendants. We are of opinion that the judgment was properly admitted in evidence against the surety. It proved, at least, *prima facie* a breach of the bond by showing the amount of public moneys which Howgate the principal had failed to faithfully expend and honestly account for. It was far beyond the penalty in the bond, and, unexplained, the judgment was sufficient evidence of the breach of condition." On the other hand, in the class of cases to which the case at bar belongs, the supreme court has repeatedly held that a judgment against the principal conclusively binds the sureties. In *Washington Ice Co.* v. *Webster,* 125 U. S. 426, 446, which was an action by the obligee in a replevin bond conditioned to "return and restore the same goods and chattels in like good order and condition as when taken, in case such shall be the final judgment," the obligee having obtained judgment in the replevin action, and restitution of the goods not having been made, action was brought against the principal and sureties on the bond to recover the value of the goods as determined by the jury in the replevin case. It was held that the plaintiff was entitled to recover. The court said, "Such value was found by the jury, in finding the verdict, and, a judgment having been entered thereon, the fact so found is conclusive, not only upon the parties to the replevin suit, but upon those who became sureties by the bond to abide its event. The sureties became bound by the result of the replevin suit by virtue of their agreement contained in the bond." Also, "The sureties in the replevin bond were represented in the replevin suit by the plaintiff therein, and were identified with it in interest, and claimed in privity with it, so as to be concluded by the proceedings in that suit." *Bierce* v. *Waterhouse,* 219 U. S. 320, was an action on a redelivery bond given by the defendant in an action of replevin. The condition in the bond was that

"the said property and all thereof shall be well and truly delivered to said plaintiff, if such delivery be adjudged, and payment to said plaintiff be well and truly made of such sum as may for any cause be recovered against the defendant." It was held, reversing this court, that the plaintiff was entitled to recover the value of the property as determined by the judgment in the action of replevin, the court saying (p. 335), "One who becomes a surety for the performance of the judgment of a court in a pending case is represented by his principal and is bound by the judgment against his principal within the limits of his obligation." It was also said that the questions litigated in the replevin action "were issues made and decided against the principal in the bond upon which the sureties were bound and cannot be relitigated, in the absence of fraud and collusion, by a surety when sued upon the bond." *Stovall* v. *Banks,* 10 Wall. 583, was an action against the principal and sureties in the bond of an administrator, for the use of certain distributees of the decedent's estate. At the trial the plaintiff offered in evidence the record in a suit in chancery in which the persons for whose use the action was brought were complainants, and the administrator with others who also claimed to be heirs and distributees of the estate, were defendants, by which it appeared that a certain sum was decreed to be paid to each of the complainants in the bill. In holding that error was committed in rejecting the evidence offered the supreme court said (p. 588), "It has been argued on behalf of the defendants in error that the decree of the superior court, if admitted, would have been only *prima facie* evidence against the sureties in the bond. Were that conceded it would not justify the exclusion of the evidence. But the concession cannot be made. The decree settled that the administrator of the intestate, Alfred Eubanks, held in his hands sums of money belonging to the equitable plaintiffs in this suit, as distributees of the intestate's estate, which he had been ordered to pay over by a court of competent jurisdiction, and the record established his failure to

Robinson v. Kaae, 22 Haw. 403.

obey the order. Thereby a breach of his administration bond was conclusively shown. Certainly the administrator was concluded. And the sureties in the bond are bound to the full extent to which their principal is bound. A principal in a bond may be liable beyond the stipulations of the instrument, independently of them, but so far as his liability is in consequence of the bond, and by force of its terms, his surety is bound with him. There may be special defenses for a surety arising out of circumstances not existing in this case, but in their absence, whatever concludes his principal as an obligor concludes him. He cannot attack collaterally a decree made against an administrator for whose fidelity to his trust he has bound himself." In *Scofield* v. *Churchill,* 72 N. Y. 565, 570, where the condition of the bond was that an executor should "faithfully execute the trust" and "obey all orders of the surrogate of the county of Duchess touching the estate committed," the court said, "It cannot be denied that a breach of this condition has occurred within the letter of the bond, and the positive undertaking of the sureties has become fixed and operative by the surrogate's decree. In the absence of fraud or collusion between the executor and the legatee, the decree of the surrogate is conclusive upon the sureties. It binds the principal and the sureties alike, and cannot be impeached in a collateral proceeding. While the most solemn judgments do not conclude those who are neither parties nor privies, yet, when an obligee undertakes the payment of a judgment which may be recovered against his principal, he cannot escape the effect of such judgment when recovered. He has bound himself to pay, and is indebted for the amount of the judgment when recovered, without regard to its legal merits. Such is the nature of his contract, and he must abide and stand by it, irrespective of the consequences. He cannot go behind it, or allege that it was erroneous and embraced more than was intended. The decree is final as to the indebtedness of the estate, and the obligation of the executor to pay, and the sureties cannot go back of such judgment." In

a similar case, *Judge of Probate* v. *Quimby,* 89 Me. 574, 576, the sureties claimed that the money with which their principal had been charged as executor did not belong to the estate but to other parties for whom he held it in trust, and hence he should not have been charged with it in his account as executor. The court said, "The plaintiff contends that the question thus mooted is solely for the probate court and cannot be litigated here. This contention must be sustained. * * * The sureties further urge, however, that they could not be heard in the probate court, and had no right of appeal, and hence are not bound by the judgment, and must be heard here or be condemned unheard. This point must also be overruled. The bond they signed was a bond to the court, a bond in course of judicial procedure, somewhat like an appeal bond. The sureties were fully and effectually represented in the probate court by their principal, or in this case by his representative, his administrator. They signed the bond for the protection of the estate, and of all persons interested in it, against their principal. In signing it they, in effect, stipulated that their principal should abide and perform the decrees of the court upon all questions between him and the estate within the court's jurisdiction. They did not stipulate for any opportunity to object to any proceedings. They intrusted the representation of their principal's rights and interests to the principal himself. As well might the sureties upon an appeal bond question the judgment of the appellate court, as the sureties upon a probate bond question the decree of the probate court within its jurisdiction." The reason for the rule that a judgment against the principal is ordinarily conclusive in this class of cases is made clear by the foregoing quotations, and the principle is sustained by the clear weight of authority. 18 Cyc. 1272.

Counsel for the defendants point out that the circuit court in its decision assumed that the sureties might have appealed from the order made in probate against the executrix. They urge that the court was mistaken on that point, and contend

that whatever the rule may be in jurisdictions where the sureties are accorded the right to appeal in such cases, where, as here, they have no such right, the order surcharging the executrix should not be held binding upon the sureties. We are of the opinion that under our statute relating to appeals from the orders and decrees of circuit judges in chambers (R. L. Sec. 1859) the sureties were not parties to the proceeding and could not have appealed from the probate order. See *Woodbury* v. *Hammond,* 54 Me. 332; *Tuxbury's Appeal,* 67 Me. 267; *Estate of McDermott,* 127 Cal. 450. See also *Farrar* v. *Parker,* 3 Allen 556; *Nolan* v. *Johns,* 108 Mo. 431, 436. But that, as appears from the reasoning of the cases above cited and quoted from, does not alter the situation.

In the case at bar the sureties covenanted that their principal would "obey all lawful orders and directions" of the judge sitting in probate "in the matter of the administration, distribution and disposition of the estate" of which she had been appointed executrix, and, there being no claim of fraud or collusion, the plaintiff made out a case against them by showing that the order in question had been made and that the executrix had not obeyed it.

The exceptions are overruled.

*Lorrin Andrews* for plaintiff.

*R. J. O'Brien* (*E. C. Peters* with him on the brief) for defendants Kaae and Long.