JOHN F. COLBURN III AND RICHARD H. TRENT, EXECUTORS UNDER THE LAST WILL AND TESTAMENT OF JOHN F. COLBURN, DECEASED, *v.* ALFRED W. CARTER AND JOHN C. LANE.

No. 1258.

EXCEPTIONS FROM CIRCUIT COURT FIRST CIRCUIT. HON. J. T. DeBOLT, JUDGE.

SUMBITTED JUNE 3, 1920.                    DECIDED JUNE 8, 1920.

COKE, C. J., KEMP AND EDINGS, JJ.

PRINCIPAL AND SURETY—*probate bond—judgment against principal conclusive on sureties.*

An order made by a circuit judge in probate against an executrix holding her to be indebted to the estate in a certain sum, surcharging her therewith and directing her to pay the sum into court, followed by the recovery in a court of law of a judgment upon the bond for breach of condition conclusively binds the sureties on the bond.

SAME—*subrogation.*

A surety who has paid the judgment is not subrogated to the rights of his principal to the extent that he may maintain an independent action in assumpsit against third parties for whom he claims the money involved was actually expended.

OPINION OF THE COURT BY COKE, C. J.

John F. Colburn during his lifetime instituted a suit in the circuit court of the first judicial circuit against Alfred W. Carter and John C. Lane for the sum of $730.28. The action was one of assumpsit and grew out of a judgment which was recovered against Jessie K. Kaae, John F. Colburn and Antonio Long. Mrs. Kaae was the executrix of the last will and testament of Margaret V. Carter, deceased, and Colburn and Long were

sureties on her bond as such executrix. In a proceeding before the probate court she was by order of the court surcharged with the sum of $730.28 and directed to deposit the same with the clerk of the court within ten days. This she failed to do and the judge of the court, the obligee named in the bond, brought suit against her and her sureties for breach of condition. Judgment was entered against them and Colburn was compelled to pay the judgment. He then instituted this suit alleging that the surcharge against the estate of Margaret V. Carter, deceased, represented an indebtedness incurred under the orders of the agent of the defendants herein, Carter and Lane, and that said money was in reality due from, and should have been wholly paid by, said defendants. At the conclusion of the evidence submitted in behalf of Colburn the trial judge on the motion of counsel for defendants entered a judgment of nonsuit against the plaintiff. Plaintiff has perfected his appeal by way of exceptions to this court. After perfecting his appeal Colburn died and John F. Colburn III and Richard H. Trent, executors under the will of John F. Colburn, deceased, have been substituted in his place and stead as plaintiffs-appellants.

The circuit judge in passing upon the motion for nonsuit in a careful and comprehensive decision held that the present suit constitutes an attempted collateral attack on the decree and order entered in the probate court as aforesaid as well as the judgment against Mrs. Kaae, John F. Colburn and Antonio Long recovered in the action at law following the refusal of Mrs. Kaae to comply with the order of the probate court. In this connection the circuit judge in his opinion rendered herein makes use of the following language: "When this plaintiff was sued on the bond in the law case No. 7703 he was not permitted by the trial court to introduce any

evidence on his claim that he should not be held liable on said bond by reason of the fact that the items surcharged were incurred by Mrs. Kaae as agent for the trustees rather than as executrix. This ruling of the trial court was upheld on appeal (22 Haw. 403) the court there stating that even though the order surcharging Mrs. Kaae as executrix was erroneous and assuming that said items of disbursements were made by her as agent for the trustees nevertheless said order was entered by a court of competent jurisdiction and no appeal having been taken and no allegation of fraud, collusion or the like having been made said decree was binding and conclusive and could not be collaterally attacked or questioned in any subsequent proceeding. I find that said probate decree cannot be collaterally questioned in this proceeding and that the judgment in law case No. 7703 is likewise binding against this plaintiff and in favor of the defendants herein."

There can be no doubt that the judge of the circuit court correctly expressed the law as it applies to the facts in this case for the doctrine is firmly established that proceedings such as were had in the probate and law courts against Mrs. Kaae and her sureties, in the absence of an appeal, are conclusively binding upon them and cannot be collaterally attacked. See *Robinson* v. *Kaae*, 22 Haw. 403; *Washington Ice Co.* v. *Webster*, 125 U. S. 426.

Counsel for Colburn recognize this princple of law but endeavor to avoid it by asserting that the money involved was not money belonging to the estate but belonging to the trustees and was paid out by Mrs. Kaae for the use and benefit of the trust estate at the special request of the defendants, who are the trustees of the estate. These facts might well have been employed by Mrs. Kaae as a defense in the proceedings before the

Syllabus.

probate judge or in the trial of the action upon her bond but they certainly cannot now be made use of as the basis of an independent action by Colburn against the trustees. Colburn's obligations existed solely by reason of the official bond of Mrs. Kaae and were confined entirely to her acts as executrix. If the money involved did not come into the hands of Mrs. Kaae as executrix and was not disbursed by her as such the sureties on her bond as such executrix were in nowise concerned with the transaction and under no known rule of law could Colburn now be subrogated to any rights of Mrs. Kaae to the extent that he may enjoy a right of action against these defendants.

The exceptions are overruled.

*Andrews, Pittman & O'Brien* for plaintiffs.

*W. B. Lymer* for defendants.