## UNITED STATES v. ORTH et al.
### No. 20579.

District Court, W. D. Washington, N. D.
Feb. 25, 1932.

Anthony Savage, U. S. Atty., and Cameron Sherwood, Asst. U. S. Atty., both of Seattle, Wash.

Hyland, Elvidge & Alvord, of Seattle, Wash., for defendants.

NETERER, District Judge.

Certain premises were decreed a public nuisance within the provisions of the National Prohibition Act tit. 2, § 21 et seq. (27 USCA § 33 et seq.), and that, upon giving bond, etc., in the penal and liquidated sum of $1,000, payable to the United States on condition that intoxicating liquor will not, for the period of one year thereafter, be sold, etc., on the premises, and that the owners will pay all fines, costs, etc., which may be assessed for violation of the said act upon the said property, the premises may be occupied. A bond was filed in the penal sum of $1,000, the condition in the language of the statute. Thereafter liquors were sold on said premises and were possessed therein with intent to sell; demand was made upon the defendants, for payment of the penal sum of the bond; payment was and still is refused.

Suit was instituted, and the defendants have by demurrer challenged the sufficiency of the complaint; the contention being that the bond is for indemnity, limited to fines, costs, etc.

Under section 22 of title 2, National Prohibition Act (27 USCA § 34), action to enjoin a nuisance, defined in the title, may be brought in the name of the United States and tried in equity in a court having jurisdiction, and, upon decree abating such nuisance, the court may order that the building, etc., shall not be occupied or used for one year thereafter, but in its discretion permit it to be occupied if bond is given upon sufficient surety, "in·the penal and liquidated sum of not * * * more than $1,000, payable to the United States, and conditioned that intoxicating liquor will not thereafter be manufactured, sold, bartered, kept, or otherwise disposed of therein or thereon, and that he will pay all fines, costs, and damages that may be assessed for any violation of this chapter upon said property."

Section 3, title 2, of the act (27 USCA § 12), provides that "all the provisions of this chapter shall be liberally construed to the end that the use of intoxicating liquor as a beverage may be prevented." The primary purpose for the bond is to secure the building against harboring liquor for sale. The padlock assured this. The bond removed the padlock and relieved the plaintiff of duty of surveillance of the building, and required strict performance, and, on violation, pay-

ment of the penal sum of $1,000 became absolute.

█ Neither nuisance nor forfeiture is dependent on prior conviction on criminal charge; the penal bond removes the padlock and opens the building, but is conditioned effective to keep the whisky out. This condition is several, and is complete, and seals the building by legal fiction as effectively against keeping intoxicating liquor, etc.; therein as did the padlock. The penalty is specific, to be paid on doing the prohibited thing against the sovereign will.

This is consistent with the policy of the law (section 3, act, supra). In Lyman v. Perlmutter, 166 N. Y. 410, 60 N. E. 21, it was said that, where a bond is given by a private party to the government to secure observance of the law in pursuance of which it is given, the amount named in the bond is the measure of damages. The affront is to the sovereign will, and the measure of damages is the penalty named, which the court must award. The penalty in the bond is not to secure material results, but purely a penalty for the affront to the sovereign.

In United States v. Zerbey, 271 U. S. 332, 46 S. Ct. 532, 70 L. Ed. 973, the bond (form 738) was conditioned to "faithfully comply with all the requirements of the laws of the United States * * * and regulations * * * respecting the sale or use of distilled spirits and wines for other than beverage purposes." The court held that form 738, sued on, must be read in connection with form 738A, prescribing a collateral bond by deposit of government bonds "as security for any obligation arising hereunder," and, after the general condition contained in form A, containing a specific provision that "the said principal expressly agrees that the said bond so deposited may be sold * * * and the proceeds applied to the payment of any internal revenue taxes, interest, and penalties which may be due, and in satisfaction of any liabilities incurred hereunder, and the expenses of such sale, if any; and the residue, if any, paid to the said principal," describing the same regulations, being alternative forms, which the applicant might at his election furnish. At page 340 of 271 U. S., 46 S. Ct. 532, 533, the court said: "They had precisely the same object, and were intended to secure the same obligation; the one by personal sureties, the other by deposit of collateral. Plainly it was not intended that the obligation should be greater in the one case than in the other. * * *

The effect of Form 738A is that the applicant's obligation shall be discharged by the payment of any internal revenue taxes, interest, penalties and liabilities accruing to the United States by reason of a breach of the condition; and it cannot be doubted that this was intended, in like manner, to be the measure of the obligation incurred under a surety bond on the corresponding Form 738. This view is emphasized by the consideration of the new Forms 1408 and 1409 prescribed by Regulations 60. It is clear that Form 1408 is not one for a penalty or forfeiture, but is one for indemnity merely in respect, broadly speaking, of the liabilities enumerated in Form 738A. United States v. Chouteau, 102 U. S. 603, 608, 26 L. Ed. 246. And the fact that these new regulations provided that a permit holder who had previously given a surety bond on Form 738 should not be required to give a new bond on Form 1408 until called upon to make application for a new permit, is strongly persuasive evidence that the Commissioner regarded Form 738 as of substantially the same character as Form 1408, that is, as a bond for indemnity securing the payment of the liabilities enumerated in Form 738A." This case, in fact, affirms the instant bond as penal.

No rule of statutory construction can harmonize the precisely expressed conditions of the bond in issue with indemnity. The expressed intent of the Congress is to prevent traffic in liquors, to close the building against liquor traffic, which the padlock does, and which the bond assumes under penalty.

The second condition is likewise specific, and in no general way has relation to the first condition by word or phrase. The conditions are not of the same kind. Nor are the conditions capable of an analogous meaning and by association take color from each other, so that the first condition, penalty, is restricted to a sense of the second, indemnity. The second condition has no operative effect in this case. The first condition of the bond following the expressed provision of the act must be given its appropriate force to carry out, and not to defeat, the expressed legislative intent to prevent the use of intoxicating liquor as a beverage.

The penalty became absolute when the condition was violated. Conviction for the act was not necessary, no fine or costs a prerequisite. The fact that there was a conviction and fine is immaterial as to forfeiture. Whether the payment of the fine and costs, etc., may be claimed as part payment of the penalty of the bond, when the issue is properly raised and effect given to both conditions, is not before the court, is not considered, and as to which opinion is withheld.

The demurrer is overruled.