## THOMPSON et al. v. UNITED STATES.
### No. 7740.

Circuit Court of Appeals, Ninth Circuit.
Dec. 13, 1935.

Louis P. Donovan, of Shelby, Mont., for appellants.

John B. Tansil, U. S. Atty., and R. Lewis Brown, Asst. U. S. Atty., both of Butte, Mont.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

This action was brought to recover the $1,000 penalty of a bond given May 31, 1930, by Harry Thompson, as principal, and John Mars and Douglas Parker, as sureties, in order to procure the reopening of the Thompson Hotel in Sweet Grass, Toole county, Mont., which had been closed by a decree of May 12, 1930, in abatement proceedings brought under the National Prohibition Act (27 U.S.C.A.), all as provided in that act. The condition of the bond was alleged to be as follows: "That the conditions of said bond are, if said premises shall be used and occupied during said period of one year and if no intoxicating liquor is, during said period, manufactured, sold, bartered, kept or otherwise disposed of therein or thereon, and if the said principal and sureties will pay all fines, costs, and damages that may be assessed for any violation of the National Prohibition Act upon said property, then said obligation shall be null and void, otherwise to remain in full force and effect."

The allegation of the breach of the condition is as follows: "That said de-

fendants have wholly failed to perform the conditions of said bond in that on or about the 16th day of April, 1931, one Everett Knouse, did, upon said premises hereinbefore described, then and there willfully, wrongfully and unlawfully have and possess intoxicating liquor, to-wit, whisky and wine for beverage purposes, and without a permit so to do."

The only proof of such breach, which was denied by answer, was a judgment of conviction of Everett Knouse received in evidence over the objection and exception of the appellants that it was not competent evidence against the appellants who were not parties thereto nor bound thereby. The ruling of the court is assigned as error.

None of the appellants, principal or sureties, were parties to the criminal case in which the judgment was rendered. The first count of the information was for possessing intoxicating liquor at the Thompson Hotel on April 16, 1931. The second count of the information was for maintaining a nuisance at the Thompson Hotel on April 16, 1931, a place where intoxicating liquor was possessed and kept in violation of the National Prohibition Act. The judgment was not one in rem; consequently, it was not binding upon the appellants. Nor was it admissible against appellants as evidence to prove the facts therein adjudged against Everett Knouse, the defendant therein. While this is clear upon the general principle that judgments in personam are only binding upon the parties or their privies, we cite in support of this principle a decision by the Supreme Court of California in Marceau v. Travelers' Ins. Co., 101 Cal. 338, 35 P. 856, 36 P. 813, where the judgment roll in the criminal proceeding against one Stillman for the murder of John D. Fiske was held inadmissible as evidence that Stillman was sane at the time he shot and killed Fiske in an action brought by his widow against a life insurance company. This rule is general, and has been applied by the Supreme Court of Montana in Doyle v. Gore, 15 Mont. 212, 38 P. 939; Rodini v. Lytle, 17 Mont. 448, 43 P. 501, 52 L.R.A. 165.

The government admits that the judgment of conviction against Knouse was not conclusive against the appellants, but contends that it was at least prima facie evidence. The government relies upon a decision by the Supreme Court of Virginia in Eagle, Star & British Dominions Ins. Co. v. Heller, 149 Va. 82, 140 S.E. 314, 57 A.L.R. 490, holding that a judgment convicting the owner of property insured of burning it was admissible in evidence against the owner in an action brought by him to recover from a fire insurance company for its loss. But it will be observed, the party against whom the judgment was offered was a party to the judgment. Such was the case in Rose Schindler v. Royal Insurance Co., 258 N.Y. 310, 179 N.E. 711, 80 A.L.R. 1142, by the Court of Appeals of New York, and in Sovereign Camp, W. O. W., v. Gunn, 227 Ala. 400, 150 So. 491, by the Supreme Court of Alabama. In Moses v. U. S., 166 U.S. 571, 17 S.Ct. 682, 41 L.Ed. 1119, relied upon by the government, a judgment against the principal upon an official bond was held to be at least prima facie evidence against his sureties, although they were not parties to the action against the principal. In City of Bridgeport v. U. S. Fidelity & Guaranty Co., 105 Conn. 11, 134 A. 252, the Supreme Court of Errors of Connecticut considered the admissibility of a judgment against the principal, as evidence against the sureties, and in Strathleven Steamship Co., Ltd., v. Baulch, 244 F. 412, the Circuit Court of Appeals of the Fourth Circuit considered the effect of a decree of an admiralty court in a proceeding in rem, when offered in an action in personam against the pilot, who had been in charge of the vessel at the time it was held to have been negligent.

These cases cited by the government have no application to the case at bar, where neither the principal nor sureties were parties to the judgment of conviction. For the error in receiving this evidence over appellants' objection the judgment must be reversed.

In view of a new trial other assignments will be noticed. Appellants point out that the bond was conditioned, among other things, against the *keeping* of intoxicating liquor upon the premises and claim that allegation and proof of mere possession of intoxicating liquor upon the premises does not justify recovery, as the word "kept" is not synonymous with "possessed." It is sufficient on that subject to refer to our decision in the Butler Hotel Case (Butler Hotel Co., Inc., v. U. S.), 35 F.(2d) 76. The complaint should be amended to allege a breach

of the bond according to its terms for according to an affidavit appearing in the record in the criminal case against Knouse he was not a mere guest or stranger at the Thompson Hotel, as suggested by appellants, but was the proprietor thereof. The appellants, having given bond to the government to secure the reopening of the hotel and guarantee its proper use, would be bound by the acts of those in charge of the hotel, whether parties to the bond or not, if they violated the condition of the bond.

■ Appellants claim that they are only liable, if at all, under the condition of the bond, for a failure of the principal to pay such fines as may be imposed upon him for the illegal use of the premises. They rely upon a decision by Judge Bourquin of the District Court of the United States for Montana in U. S. v. Johnson, 51 F.(2d) 312. Judge Neterer of the District Court of the United States for Washington has decided to the contrary in U. S. v. Orth, 59 F.(2d) 774. The terms of the bond are clear. The condition is broken by the use of the premises in violation of that condition. The principal and sureties are liable on the bond for such breach, regardless of whether or not the persons who violate the condition are also convicted for the violation of the criminal law involved. The penalty of the bond measures the liability of the principal and his sureties. The case of U. S. v. Zerbey, 271 U.S. 332, 46 S.Ct. 532, 70 L.Ed. 973, recognizes the distinction between two types of bonds, one for a fixed penalty and the other for indemnity. The bond in the case at bar comes within the first classification, as pointed out by Judge Neterer in U. S. v. Orth, supra. The distinction also is pointed out by the Circuit Court of Appeals for the Fourth Circuit in Eagle Indemnity Co. v. U. S., 22 F.(2d) 388, where a condition set out in the opinion (No. 3, p. 389, col. 2), somewhat similar to that in the bond in suit, is held to constitute the bond to that extent a forfeiture bond (Id. p. 390).

■ Appellants claim that the repeal of the Eighteenth Amendment by the Twenty-First Amendment prevents recovery on the bond, particularly if that recovery be considered a penalty. The liability here, however, is on a contract given for a consideration which has been enjoyed by the principal and his sureties. The recent decision of the Supreme Court, May 20, 1935, in U. S. v. Mack, 295 U.S. 480, 55 S.Ct. 813, 79 L.Ed. 1559, so effectively disposes of the contention advanced by the appellants that we deem reference thereto a sufficient answer thereto.

Appellant Harry Thompson objected to the proceedings below upon the ground that he had not been served with process and had not appeared. He did, however, participate in the trial, being represented by the same attorneys who appeared for the sureties. He submitted to the jurisdiction of the court and joined in the objection to the admissibility of the judgment against Knouse. He should be permitted to file an answer to the complaint within a reasonable time, if he so requests.

The judgment is reversed, with directions to allow the government to amend its complaint upon timely application therefor, if so advised.