. [Everage et al. v. The State.]

# Everage *et al. v.* The State.

## Indictment for Conspiracy.

1. *Conspiracy; declaration by conspirator after commission of the offense inadmissible against his co-conspirators.*—On a trial under an indictment charging a conspiracy, the declarations by one of the conspirators, made after the object of the conspiracy had been accomplished, and when none of the other alleged conspirators were present, are not admissible against such other co-conspirators; but the evidence of such declarations should be limited to the defendant who made the statements deposed to.

APPEAL from the Circuit Court of Crenshaw.

Tried before the Hon. JOHN R. TYSON.

The indictment under which the appellants in this case were tried and convicted contained two counts, which were as follows : "The grand jury of said county charge that before the finding of this indictment that Dick Everidge alias Everage, Ferney Everidge alias Everage, Henry Reeves, George Reeves, Tant Reeves, Jess Reeves, Luke Hardin and Tom Hardin did conspire together unlawfully to assault and beat Jack Cox, against the peace and dignity of the State of Alabama.

"And the grand jury of said county further charge, that before the finding of this indictment Dick Everidge alias Everage, Ferney Everidge alias Everage, George Reeves, Henry Reeves, Jess Reeves, Tant Reeves, Luke Hardin and Tom Hardin wickedly devising and intending to assault and beat Jack Cox, unlawfully did conspire, combine, confederate and agree together, between and amongst themselves to capture the said Jack Cox

and to whip or beat the said Jack Cox, and in pursuance and in execution of the said conspiracy they did go to the house of the said Jack Cox in the night time and take the said Jack Cox out and assault and beat him, against the peace and dignity of the State of Alabama."

GAMBLE & BRICKEN, for appellants.

WILLIAM C. FITTS, Attorney-General for the State.

McCLELLAN, J.—The issue being whether the defendants agreed and conspired together to whip Jack Cox, the witness Dave King testified as follows : "Dick Everage, (one of the defendants) asked me what I knew about the Johnnie White Cap fellows. He wanted to know if I saw a light come from his house that Sunday night before. He asked me did I hear anyone call out the Reeves boys, (also defendants). I told him 'No.' He said that he had heard that I did. He turned around and said, 'While you are following up we Johnnie White Cap fellows, you had better attend to your own business.' " And the witness Tisdale testified in substance that soon after the alleged whipping of Jack Cox, Dick Everage told him that "he belonged to a band bound by oath to whip sassy negroes," and that Furney Everage, some of the Reeves boys, Luke Hardin, George and Jess Reeves, who are defendants, also belonged to this band. The defendants' counsel moved severally to exclude the testimony of these witnesses as to all the defendants except Dick Everage, and also for an instruction to the jury limiting such testimony to Dick Everage. These motions were overruled. Manifestly the effect and operation of this evidence should have been limited to the defendant who made the statements deposed to, as they were not made in the prosecution of the objects of the conspiracy alleged, but after such conspiracy had been carried out and the purposes of the unlawful combination had been accomplished; and none of the other alleged conspirators were present when they were made. The court erred in declining to so limit the effect of this evidence.

The other rulings below complained of here are free from error.

Reversed and remanded.