# Birmingham Railway, Light & Power Co. v. Sloan.

### Personal Injury.

(Decided February 15, 1917.   74 South. 359.)

1. **Trial; Misconduct of Counsel; Cured by Court.**—A judgment on verdict, awarding plaintiff $2,750 for personal injuries, will not be reversed for the improper argument of plaintiff's counsel that the jury should give $20,000; that if they gave only $2,000, defendant would save it in 30 days—where on defendant's objection counsel withdrew the remark, with the qualifying statement that he did not desire the case reversed on a technicality, and the court instructed the jury not to consider the remark, and where defendant requested no further action of the court.

2. **Trial; Taking Case from Jury; Extent of Injury; Weight of Testimony; Expert Testimony.**—Where plaintiff testified that she received permanent injuries and injury to her eyes, it was not error to refuse requested charges that she could not recover for permanent injury or for injury to her eyesight, though the great weight of the evidence and the testimony of experts was against plaintiff, since the jury are not bound by the expert testimony, and the question is still one for their consideration, though the great weight of the testimony is on one side.

(Mayfield, J., dissents.)

APPEAL from Birmingham City Court.

Heard before Hon. JOHN C. PUGH.

Action by Sallie Sloan against the Birmingham Railway, Light & Power Company, for damages for injuries resulting from a collision while she was a passenger on one of its cars. Judgment for plaintiff, and defendant appeals.   Affirmed.

In his opening argument to the jury counsel for plaintiff says:

You should give $20,000 in this case.   If you give only $2,000, they will save it in 30 days.

On objection by defendant's counsel, plaintiff's counsel said:

Gentlemen, I withdraw this remark.   I do not want this case reversed on any technicality.

[Birmingham Railway, Light & Power Co. v. Sloan.]

And thereupon the court said:

Gentlemen, you will not consider that remark.

The damages recovered were $2,750, which counsel for appellant insists were clearly excessive and grossly so under the evidence, insisting that Dr. Lester, her former family physician, disclosed the fact in his testimony that he had performed a most seriously operation on plaintiff prior to the accident for the very same troubles with which she charged defendant, and that this operation involved the removal of pus tubes, indicating a previous diseased condition of long standing, and that some three or four months before the accident she was continuously bleeding from the effects of her previous trouble, and that she was in bad condition, and refused to obey his instructions to obtain a cure.

The charges refused to defendant were:

That the jury could not award plaintiff damages for permanent injury, nor for injury to her eyes, as well as the affirmative charge as to the first and third counts, and the general affirmative charge.

TILLMAN, BRADLEY & MORROW, L. C. LEADBEATER and J. A. SIMPSON.for appellant. ERLE PETTUS and C. D. RITTER for appellee.

SAYRE, J.— (1) The argument of counsel to the jury was improper, but upon objection it was withdrawn. The withdrawal was not altogether unequivocal, and seemed by indirection to reiterate plaintiff's opinion that defendant's wealth or earning capacity should be considered by the jury in estimating the compensation to be awarded to herself; but counsel for defendant, appellant, appeared to be satisfied with the court's disposition of the matter; at least counsel invited no further action by the court. This court is unable to say that the argument was grossly improper or highly prejudicial, and in this state of the case the court is of opinion that a reversal should not be ordered.—*Birmingham Railway v. Gonzalez,* 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543.

Nor is the court able to say upon the record that the jury awarded damages for an injury not counted upon in the complaint or contrary to the court's instruction. It seems likely that the jury were unduly limited by the court, and that plaintiff was entitled under the complaint to recover damages for any accel-

eration of her previous physical trouble that may have been caused by the wrong which is made the subject of complaint. The damages awarded are discomfortably large; but plaintiff's alleged injuries were of a character that left room for considerable diversity of opinion in respect to the proper compensation therefor, and the court, in view of plaintiff's testimony, feels its inability to interfere intelligently with the result.

(2) There was no error in the refusal of the charge requested by the defendant. The jury was not concluded by the expert testimony as to the physical consequences of plaintiff's injury. Plaintiff also testified on that subject, and it may be supposed that she knew something whereof she spoke. By her testimony the jury were authorized to infer that her eyes had suffered some injury, and it does not support the proposition of error in the refusal of this charge to say that the great weight of the testimony was against the plaintiff. The question was still one for the jury.

The foregoing has been written in an effort to state the opinion of a majority of the court. Speaking now for himself, the writer has been inclined to discourage the recurrence of such questions by a close adherence to the course indicated by the following excerpts from our adjudicated cases: "Nothing short of a prompt, emphatic disapproval of such line of argument, and that from the court itself, can avert the probable mischief."— *Wolffe v. Minnis,* 74 Ala. 386. "The repressive powers of a court, to prevent such departures from legitimate argument of a cause before a jury, should be vigorously applied. No mere statement that it is out of order or improper can meet the exigencies of the case. Nothing short of such action on the part of the court and a clear satisfaction that the prejudice naturally excited by the use of such language had been removed from the minds of the jury ought ever to rescue a case from a new trial on motion of the party against whom rendered."—*Florence Co. v. Field,* 104 Ala. 471, 16 South. 538.

While the principle of procedure is clear and undisputed, it is to be concluded that its proper application is often a matter of great delicacy and difficulty. Though at first of opinion that the judgment in this cause should be reversed, I have recognized that the question is close, and have yielded to the judgment of the majority.

Affirmed.

[Nashville, C. & St. L. Ry. v. Abramson-Boone Produce Company.]

ANDERSON, C. J., and SOMERVILLE, GARDNER, and THOMAS, JJ., concur in the views expressed for the court. MCCLELLAN, J., concurs in the conclusion. MAYFIELD, J., dissents.