(87 South. 88)

**HINES, Director General of Railroads, v. PADEN. (6 Div. 116.)**

(Supreme Court of Alabama.   Oct. 28, 1920.)

**I. Railroads ⊙⟶335(5)—Failure to stop, look, and listen must have contributed to injury.**

To preclude recovery for damages to plaintiff's automobile struck at a railroad crossing, the driver's failure to observe the rule requiring him to stop, look, and listen before attempting the crossing must have proximately contributed to the injury.

**2. Railroads ⊙⟶350(32)—Failure to stop, look, and listen as proximate cause of injury held for jury.**

In an action for damages to plaintiff's automobile struck by a freight train at defendant railroad's crossing, whether or not the driver's failure to stop, look, and listen before attempting the crossing was the proximate cause of the injury was for the jury under the evidence.

**3. Trial ⊙⟶129—Improper statement by counsel in answer to statement equally objectionable not reversible error.**

In an action against a railroad for damages in collision to plaintiff's automobile at a crossing, statement in argument by plaintiff's counsel, "We don't know what the railroad has done with this car; they may have it running up and down a section right now," objectionable as unsupported by evidence, being merely an answer to a statement made by counsel for defendant equally objectionable on the same ground, was not reversible error.

**4. Damages ⊙⟶139—Award of $300 for damages to automobile not excessive.**

Verdict for $300 against defendant railroad for injuries to plaintiff's automobile in a crossing collision *held* not excessive, the driver having testified that the train tore the car up, while the proof was that the car was worth from $450 to $500.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwynn, Judge.

Action by W. C. Paden against Walker D. Hines, Director General of Railroads, operating the Alabama Great Southern Railroad. From judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Laws 1911, p. 449, § 6. Affirmed.

The argument objected to was as follows, as made by plaintiff's counsel:

"We don't know what the railroad has done with this car; they may have it running up and down a section right now."

A. G. & S. P. Smith, of Birmingham, for appellant.

The court erred in permitting the argument objected to. 91 Ala. 548, 8 South. 360; 159 Ala. 51, 48 South. 662; 161 Ala. 585, 50 South. 70; 3 Ala. App. 202, 58 South. 72. The court erred in declining to instruct the verdict for the defendant. 179 Ala. 299, 60 South. 922; 203 Ala. 3, 81 South. 671; 192 Ala. 392, 68 South. 277.

McEniry & McEniry, of Bessemer, for appellee.

The argument was in reply to the argument of the defendant and was legitimate. 68 Ala. 476; 75 Ala. 466. The failure to stop, look, and listen was not the proximate cause of the consequence, and the court properly submitted the case to the jury. 151 Ala. 355, 43 South. 867; 16 Ala. App. 447, 78 South. 645; section 5473, Code 1907.

⊙⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

GARDNER, J.  Appellee's automobile was struck by a freight train of the Alabama Great Southern Railroad at a public crossing in Tuscaloosa county, and this suit was brought for the recovery of damages sustained thereby.

[1] The cause was tried upon count 2 as amended, which relied for recovery upon the negligence of the servants or agents of the defendant in and about the management and operation of said train, and upon the plea of general issue as well as several special pleas of contributory negligence setting up the failure of the driver of the plaintiff's car to stop, look, and listen before going upon the track.  That the driver of the car did not observe this latter rule is without dispute, and counsel for defendant insist that the affirmative charge was due on this account.  However, in order to preclude recovery, the failure to observe this rule must have proximately contributed to the injury.  Walker D. Hines, Director Gen., v. Champion, ante, p. 227, 85 South. 511.

[2] The evidence for the plaintiff tended to show that work was being done at this particular crossing for the purpose of double tracking the road; that one roadbed was close to the other, raised about two feet or more; that in attempting to cross his car struck this bank which was rather steep, causing the car to go dead, and that he could not move the car therefrom before it was struck by the train; that he did not see the bank and there was nothing at the crossing to warn the traveler of its condition.  The proof further tended to show there was ample time to cross the track before the train reached the crossing had the car not encountered this embankment.  More of the evidence need not be referred to.  Suffice it to say we are of the opinion the question as to whether or not the failure to stop, look, and listen was the proximate cause of the injury, was properly submitted to the jury, and it appears that the trial court very fully and correctly charged the jury upon the law relating to this question, both in the oral charge and in the instructions given at the defendant's request.

Nor is there merit in the suggestion that the plaintiff failed to prove that the car was demolished and ruined, as alleged in the complaint.  While the extent of the injuries might have been a matter in dispute, yet there was evidence to sustain this averment, if, indeed, such exactness were necessary to support a recovery—a question not necessary to be determined.

[3] Appellant's counsel also complain of a statement in argument by appellee's counsel —objection to which was overruled—upon the ground that it was not supported by the evidence.  We are of the opinion, however, that this statement was but in answer to a statement made by counsel for defendant, equally objectionable upon the same ground, and that in this ruling of the court reversible error is not shown.

[4] The court also overruled a motion for new trial; the only additional ground of the motion not heretofore treated was that the verdict was excessive.  The proof that the car was worth from $450 to $500 was without dispute, as well also that the train pushed the car 150 feet or more after it was struck, and that it had to be extricated from the engine.  Speaking of the damage to the car, the driver testified that the train [to use the language of the witness] "tore it up," and even defendant's testimony shows considerable damage was done.  The verdict was for $300, and after an examination of the evidence we are of the opinion that this ground of motion for a new trial was properly overruled.

Finding no reversible error in the record, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.