### SOVEREIGN CAMP W. O. W. v. GUNN.
### 7 Div. 195.

Supreme Court of Alabama.

Oct. 26, 1933.

See, also, 224 Ala. 444, 140 So. 410.

Wm. B. McCollough and Jim Gibson, both of Birmingham, for appellant.

W. W. Wallace and L. H. Ellis, both of Columbiana, for appellee.

BOULDIN, Justice.

The action is on a policy of life insurance issued to Willie C. Gunn, payable to his wife, Mary M. Gunn.

The controlling issue of fact on the trial was whether the insured was murdered by the beneficiary. Admittedly, if such was the fact, no action lies on the policy, either by the beneficiary, or by the daughter, who brings this suit, as assignee of the policy under written assignment made after the death of the insured.

Defendant introduced in evidence the record of the conviction of Mary M. Gunn for the murder of her husband, Willie C. Gunn, in the circuit court of Talladega county (affirmed on appeal, Gunn v. State, 24 Ala. App. 494, 136 So. 870).

The trial court limited such evidence solely to the impeachment of Mary M. Gunn, as a witness in the case. By statute conviction for crime involving moral turpitude is admissible as going to one's credibility as a witness. Code, § 7722.

The ruling of the trial court in effect excluded the consideration of such conviction as evidence of the fact of the crime.

On the former appeal in this cause (Sovereign Camp W. O. W. v. Gunn, 224 Ala. 444, 140 So. 410, 414) this court considered certain pleas setting up such conviction as conclusive of this issue. Treating such pleas as in effect pleas of res adjudicata, this court said:

"In the case of Interstate Dry Goods Stores v. Williamson, 91 W. Va. 156, 112 S. E. 301, 302, 31 A. L. R. 258, it is said: 'It is uniformly held that a judgment of conviction or acquittal in a criminal case is not proper evidence in a civil case, to establish the facts which were necessary to be established in order to secure such conviction or acquittal. The parties to the criminal prosecution are different. The rules of evidence are different in the two classes of cases, and the purposes and objects sought to be accomplished are essentially different. * * * The criminal proceeding is between the state and the accused party, and seeks vindication of a pub-

lic right, while in the civil suit the purpose sought is vindication of purely private rights and interests.'—Freeman, Judgments, § 319; Black, Judgments, § 529; R. C. L. (title Judgments) §§ 476–7; Micks v. Mason, 145 Mich. 212, 108 N. W. 707, 9 Ann. Cas. 291, 11 L. R. A. (N. S.) 653, and note.

"To the same effect is the holding in the case of Liverpool & London & Globe Ins. Co. v. Wright, 166 Ky. 159, 179 S. W. 49. And our own court has reached a similar conclusion. Carlisle v. Killebrew, 89 Ala. 329, 6 So. 756, 6 L. R. A. 617; Jay v. State, 15 Ala. App. 255, 73 So. 137, certiorari denied in 198 Ala. 691, 73 So. 1000."

In Carlisle v. Killebrew, 89 Ala. 329, 334, 6 So. 756, 758, 6 L. R. A. 617, cited above, a verdict of acquittal was presented, but in the opinion it was said: "A verdict and judgment in a criminal case is not generally evidence of the fact upon which the judgment was founded in a civil proceeding. 1 Starkie, Ev. (Sharswood) *363–365."

And in Jay v. State, 15 Ala. App. 258, 73 So. 137, 138, also cited, it was said: "Obviously, a judgment in a civil cause could not operate as res judicata in a criminal cause, or vice versa, for the reason that there is no mutuality of parties, and for the further reason that a different degree of proof is exacted in the one than the other ;" etc.

While later on in the opinion on former appeal, in dealing with assignments of error 51 and 52, this court held the admissibility of the record of conviction as some evidence of the fact of guilt was not presented, still what was said in the foregoing excerpt tended to support the ruling of the trial court on the second trial.

But, in Page v. Skinner, 220 Ala. 302, 304, 125 So. 36, 38, a civil action by an administrator for money had and received, wherein evidence tended to show the money sued for was the property of decedent, who was murdered and robbed by one Thomas, through whom defendant received the money, this court held: "The general rule is that the proceedings and judgment in a criminal prosecution are not competent evidence in a civil action arising out of the same transaction, save for the single purpose of showing its existence, if that becomes a relevant fact. There are numerous exceptions, however, to this rule, which need not now be stated; it being sufficient to observe that the fact of Thomas' indictment and conviction for the murder of Robbins, in connection with the evidence heretofore stated, was a collateral fact, clearly material, as a circumstance tending to sustain the plaintiff's theory that Robbins was murdered and robbed by Thomas. 15 R. C. L. p. 1000, § 476; Ib. p. 1003, § 479; Jones on Ev. § 590."

In Fidelity-Phenix Fire Ins. Co. v. Murphy, 226 Ala. 226, 146 So. 387, our latest case, a civil action on a policy of indemnity insurance, wherein the insured had been convicted of a willful and fraudulent destruction of the insured property, the record of conviction was held evidence of the fact of guilt.

Appellee's counsel properly and frankly admit that if this Murphy Case is adhered to, a reversal must follow. They insist, however, that it is opposed to the great weight of authority, is unsound in principle, and should be overruled.

If such rule is adhered to, counsel earnestly request this court to further define the probative effect of such evidence, what instructions the jury should be given in weighing such testimony, etc.

Appellant's counsel insist the Murphy Case should not only be followed so far as it goes, but that logically the court should hold the record of conviction conclusive of the issue in this case.

In view of the state of our decisions above reviewed, and the importance of the questions now presented, the writer has brought the matter before the full court for further consideration.

The Murphy Case was considered in division, both on original briefs, and on rehearing. The opinion concedes that most of the cases, fully reviewed in a series of notes in A. L. R., as well as text-writers, all cited in the decision, are opposed to those cases whose reasoning seemed conclusive to us.

The leading case in this country is that of Eagle, Star & British Dominions Ins. Co. v. Heller, 149 Va. 82, 140 S. E. 314, 315, 57 A. L. R. 490. The opinion begins with this announcement: "This is a case in which a rigid adherence to a general rule and to some judicial expressions would be a reproach to the administration of justice. Max Heller has recovered under a fire insurance policy upon a stock of goods, after he had been convicted under the Virginia statute (Code, § 4436) of willfully burning the same stock of goods with intent to injure the insurer."

The Virginia court then proceeds to review a long array of cases, English and American, wherein the record of conviction for crime was admitted as evidence not merely of a judgment of conviction, where the fact of such judgment became pertinent, but evidence of the fact of commission of the crime for which he was convicted, when the same issue was presented in a civil suit.

In Schindler v. Royal Insurance Co., 258 N. Y. 310, 179 N. E. 711, 712, 80 A. L. R. 1142, the New York Court of Appeals quotes approvingly the following from the Virginia court (Eagle, Star & British Dominions Ins. Co. v. Heller, 149 Va. 82, 111, 140 S. E. 314, 323, 57 A. L. R. 490): " 'To permit a recovery under a policy of fire insurance by one who has been convicted of burning the property

insured, would be to disregard the contract, be illogical, would discredit the administration of justice, defy public policy and shock the most unenlightened conscience.'"

The rule of mutuality as between individual litigants as an essential element of res adjudicata is not to be questioned. Technically res adjudicata cannot be applied to the case at bar as held on former appeal.

Because of this,. many courts, not adequately considering the rule of relevant evidence, and sound public policy in the administration of justice, have denied the admissibility of such evidence entirely.

As well noted by the New York court, following the English court, the prosecution for crime is conducted by the authority of the state, equally interested in the protection of the innocent and the punishment of the guilty, clothing the accused with a presumption of innocence, providing many safeguards against an unwarranted conviction, such as indictment by a grand jury, benefit of counsel, trial by a jury of his peers, compulsory process for his witnesses, the privilege of testifying in his own behalf, etc. A verdict expresses a conviction of guilt beyond a reasonable doubt.

Under the sanction of such judicial proceeding the state deprives the accused of his liberty; confines him in the penitentiary, or even imposes a death penalty.

To say all this is no evidence at all of his guilt when that exact issue is presented again in a civil suit, is to say the same tribunals which conduct such proceedings shall give them no probative force in civil actions on technical grounds of want of mutuality. To so hold is to discredit solemn judicial findings in the forum of their rendition.

Without further comment we adhere to the decision in the Murphy Case, supra.

What, then, is the probative effect of such record of conviction?

The Virginia case held it conclusive of the fact that such crime was committed by the party convicted. Any other view was regarded as a collateral attack on such judgment by a party thereto.

The New York and English courts, however, as well as many others reviewed in the Virginia case, declare such record "prima facie" or "presumptive" evidence of guilt when offered in the civil proceeding.

Since another party to a civil suit, in no way bound by the results of the prosecution is offering such record, the other party should not be entirely concluded and shut off from showing there was a miscarriage of justice in the criminal case. Else a further wrong touching property rights may be perpetrated.

Certainly, on a showing of perjury in the criminal case, or newly discovered trust-

worthy evidence, clearly proving the convicted person was in fact innocent, such conviction should not be binding in the civil suit.

But, it must be borne in mind, that the record of conviction is a solemn judicial finding, and should be clothed with a prima facie presumption of verity. Upon the introduction of such record, the burden of proof shifts to plaintiff on that issue.

The evidence to overcome such prima facie showing is not to be limited to an attack on the judgment of conviction on grounds of fraud or perjury, but all evidence tending to prove the innocence of the beneficiary in fact is to be admitted, and weighed under proper instructions from the court.

For the error in limiting the record of conviction as evidence to the question of credibility of the witness, the judgment is reversed.

Reversed and remanded.

All the Justices concur.