166 So. 604

## FIDELITY–PHENIX FIRE INS. CO. OF NEW YORK v. MURPHY.

### I Div. 881.

Supreme Court of Alabama.

Jan. 23, 1936.

Rehearing Denied March 12, 1936.

Pillans, Cowley & Gresham, of Mobile, and Forrest E. Single, of New York City, for appellant.

Harry T. Smith & Caffey, of Mobile, for appellee.

THOMAS, Justice.

The suit is upon a policy of marine insurance on the steamship Rose Murphy.

684

■ There was no error in sustaining plaintiff's objection to the certified copy of the conviction and sentence of the plaintiff in the United States District Court for perjury. It was offered by defendant for the purpose of disqualifying plaintiff as a witness. The case of State ex rel. Sanford, Solicitor, v. Riddle, 213 Ala. 430, 105 So. 259, presented for application a different statute from section 7722 of the Code of 1923, coming to us from the Code of 1886, § 2766, Acts 1883, p. 146. That case involved the removal of an attorney for the violation of certain provisions of sections 6256, 6258, Code 1923.

In Cheatham v. State, 59 Ala. 40, 43, 44, the common-law rule of disqualification of witnesses was thus stated:

"In regard to the objection to two of the State's witnesses, that they were infamous, and therefore incompetent, the general rule of the common law was, that such disqualification to testify as a witness was produced only by a conviction and judgment for treason, felony, or some one of the offences belonging to the class generally described as crimen falsi; and what these are, it is not easy in all cases to determine.

"But the conviction and judgment spoken of must be in a State tribunal, for a violation of a State law, and not merely, as in this instance, for the violation of a town ordinance, and before a mayor or councilman of the town. The disqualification is established, not by the commission of the crime, or by the verdict merely of the jury against the proposed witness, but by the judgment of the court thereupon."

And in Gillman v. State, 165 Ala. 135, 51 So. 722, it was declared of the statute (section 4008, Code 1907), that it related to the competency and credibility of witnesses affected by convictions for violation of state laws, and not convictions for violation of municipal ordinances. Norris v. State, 229 Ala. 226, 156 So. 556; Wilson v. Vassar, 214 Ala. 435, 108 So. 250; Burns v. Campbell, 71 Ala. 271.

■ It is clear that the jurisdiction of state and federal courts sitting in the same territorial district or venue is essentially different, and the federal jurisdiction is foreign to that of the state. Brown v. United States, 256 U.S. 335, 341, 41 S.Ct. 501, 65 L.Ed. 961, 18 A.L.R. 1276.

■ When this court has construed the statute in question, as it is contained in the Code of 1907, and thereafter recodified without change, such construction may not be disregarded or changed except by expression of legislative intent. Rea v. Keller, 215 Ala. 672, 112 So. 211; Russell v. Thornton et al., 216 Ala. 60, 112 So. 347; Spooney v. State, 217 Ala. 219, 115 So. 308.

■ The defendant offered in evidence a certified copy of the inquisition proceedings of the corporation of the city of Norfolk, Va., to which objection was sustained. It related to the coroner's inquest that Roddy's death was caused from a gastric hemorrhage, self-inflicted, subsequent to some poisoning unknown to the coroner. This act which resulted in death was subsequent to the execution of the alleged conspiracy with which defendant sought to connect plaintiff, Roddy, and others. If it be taken as suicide and in the nature of a confession of guilt, or an admission against interest on Roddy's part, it was not admissible evidence as affecting others of the alleged conspiracy. Everage et al. v. State, 113 Ala. 102, 21 So. 404; Ferguson v. State, 134 Ala. 63, 32 So. 760, 92 Am.St. Rep. 17; National Park Bank v. Louisville & N. R. Co., 199 Ala. 192, 74 So. 69.

■ As to the exception of the appellant to the ruling of the trial court in sustaining the appellee's objection to the offering of the statement of Martinez to the Consul of the United States at Barcelona, Spain, this statement was made many months after the consummation of the alleged conspiracy, and was not competent evidence in this suit under the authorities we have cited.

For the reasons stated at the outset, there was no error in rejecting the indictment and proceedings in the United States court against Mrs. Abner Hursey and William Hursey; that proceeding was between the United States and the Hurseys, and was res inter alios acta as far as the appellee was concerned.

There are other assignments of error, based upon objections and exceptions taken to statements made to the jury by plaintiff's counsel, the motion to withdraw the case from the jury, and the refusal thereof by the court. The motion for a new trial embraced such objections and exceptions to such rulings. These rulings will be adverted to later.

■ Under the decisions of this court, the policy of marine insurance declared up-

on will be taken and considered as though the liability created by the intentional act of the assured was excluded from its operation and terms. Fidelity-Phenix Fire Ins. Co. of New York v. Murphy, 226 Ala. 226, 230, 231, 146 So. 387; Sovereign Camp, W. O. W., v. Gunn, 227 Ala. 400, 403, 150 So. 491; Bankers' Fire & Marine Ins. Co. v. Sloss et al., 229 Ala. 26, 31, 32, 155 So. 371; Supreme Commandery of Knights of Golden Rule v. Ainsworth, 71 Ala. 436, 46 Am.Rep. 332; Riggs v. Palmer, 115 N.Y. 506, 22 N.E. 188, 5 L.R.A. 340, 12 Am.St.Rep. 819; Schindler v. Royal Insurance Co., 258 N.Y. 310, 179 N. E. 711, 80 A.L.R. 1142; Burt v. Union Central Life Insurance Co., 187 U.S. 362, 23 S.Ct. 139, 47 L.Ed. 216; Eagle, Star & British Dominions Insurance Co. v. Heller, 149 Va. 82, 140 S.E. 314, 57 A.L.R. 490.

The policy, or material provisions thereof, are exhibited by the pleadings and in aid thereof (Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 115 So. 90); and the plaintiff had the burden of proving that the destruction of the subject of insurance was within the coverage of the policy, and, as for that, under the issues of fact presented, that the loss was not intentionally caused by plaintiff. Protective Life Ins. Co. v. Swink, 222 Ala. 496, 132 So. 728. In Sovereign Camp, W. O. W., v. Gunn, 227 Ala. 400, 403, 150 So. 491, after consideration by all of the justices, the decision in Fidelity-Phenix Fire Ins. Co. of New York v. Murphy, supra, was adhered to, and it was there held that in an action on a life policy, the record of the beneficiary's conviction by a state court, for murdering the insured, was admissible as prima facie (not conclusive) evidence of the beneficiary's guilt, and that all evidence tending to prove the beneficiary's innocence was admissible. Under this rule, the plaintiff was not foreclosed from asserting that the cause of the loss of the vessel was not the intentional act of plaintiff or his agents, or the result of his coconspiracy with others, but was left an open avenue for the introduction of available evidence tending to show that his vessel was lost or destroyed by and through collision with a submerged object, as it proceeded on its voyage to port of destination. This right was accorded by way of a reply to the prima facie effect of evidence of the former proceeding against him as to his said property, had in the United States court; that is to say, on the question of fact as to the cause of destruction of his said property—whether or not he cast away that vessel, by the agency of Coconspirators Martinez (the oiler), Fulford (chief engineer) and Roddy (assistant engineer).

The motion for new trial presents several questions for consideration, viz.: That "the verdict is not sustained by the great preponderance of evidence"; was "contrary to the great weight of the evidence"; "contrary to law;" and is the result of "bias, passion or prejudice." As we view the evidence in the record before us, the verdict may be set aside only: (1) Upon the finding that the jury has acted capriciously or ignorantly (Wolf v. Do ex dem. Delage et al., 150 Ala. 445, 43 So. 856; Alabama Great Southern R. Co. v. Randle, 215 Ala. 535, 112 So. 112) in refusing to accept as true the testimony of Martinez and Fulford; or (2) upon a finding that under all the facts and circumstances (believed to be worthy as evidence) they were persuaded (to their reasonable satisfaction) that the contrary action of the jury as to appellee's guilt was shocking to the conscience of the court. And in this connection (as to the rejection of evidence by Martinez and Fulford) we note there must have been a reasonable application of the ancient and established maxim of the law of evidence, "Falsus in uno, falsus in omnibus." 25 Corpus Juris, p. 662; see our cases where there is such a reasonable application of this rule that the verdict may not be disturbed. 46 Corpus Juris, p. 183 and note; J. B. Colt Co. v. Price, 210 Ala. 189, 97 So. 696; Alabama Great Southern R. Co. v. Randle, 215 Ala. 535, 112 So. 112, 114. That is to say, that a court having superintendence of juries in matters of fact "will grant a new trial when it has strong reason to believe the jury has erred, *capriciously or ignorantly, as to the credibility of the testimony.*" (Italics supplied.) Alabama Great Southern R. Co. v. Randle, supra; Jackson v. Roddy, 224 Ala. 132, 139 So. 354. As we view this evidence, it was within the province of the jury to reject as unworthy of belief the testimony of Martinez and Fulford; that is, after a careful consideration of all the evidence in the case which embraced the admissions under oath of their false statements, their admissions of the motives that actuated them, and the moving considerations that tended to render them unworthy of belief. Such findings were strictly questions for the jury.

The material witnesses for the appellant, aside from Martinez and Fulford, were Elliott, Hawkins, and Stewart, and the last-named witness did not connect the plaintiff with the alleged conspiracy charged and the execution thereof, which resulted in the alleged casting away of the vessel. If the evidence of Martinez and Fulford be rejected by the jury, as to the fact that plaintiff was a party to that conspiracy and the execution thereof, we are of opinion that there remained no sufficient evidence to authorize the conclusion that plaintiff did so conspire, except the further fact that he was indicted and convicted upon the evidence by Martinez and Fulford in the United States court for having so conspired and casting away his vessel by such agents. In Virginia-Carolina Chemical Corporation v. Murphy, 32 F.(2d) 87, 90, the Circuit Court of Appeals, having before them the evidence on which appellant relies (except that of Martinez, oiler, and Fulford, chief engineer), observed: "We do not mean to say that the evidence warrants the conclusion that the ship was cast away with the connivance of its owner, or even that its officers deliberately sank it. * * * What we do say is that, in our opinion, the explanation of the loss is not satisfactory, and consequently that appellee has not sustained the burden of proof that was upon him."

■ The indictment of appellee (founded upon the testimony of Martinez and Fulford) was held admissible as evidence in this civil case. It was not conclusive but prima facie evidence of the facts and illustrated by the other evidence. Sovereign Camp, W. O. W., v. Gunn, 229 Ala. 508, 158 So. 192; Id., 227 Ala. 400, 150 So. 491; Fidelity-Phenix Fire Ins. Co. of New York v. Murphy, 226 Ala. 226, 146 So. 387; Page v. Skinner, 220 Ala. 302, 125 So. 36. The indictment was found under sections 487, 491 of the United States Code Annotated, title 18, for entering into a conspiracy, and not for casting away a vessel. The offenses are different, separate, and distinct. It is held there may be conviction for both offenses. It is insisted the indictment and conviction of one offense is not evidence of the guilt or innocence of the other. Heike v. United States, 227 U. S. 131, 33 S.Ct. 226, 57 L.Ed. 450, Ann. Cas.1914C, 128; United States v. Rabinowich, 238 U.S. 78, 35 S.Ct. 682, 59 L.Ed. 1211; Goldman v. United States, 245 U.S. 474, 38 S.Ct. 166, 62 L.Ed. 410. However, under our rule, with the other evidence in the case, we cannot say that the action of the jury (in not believing the evidence of finding of that other tribunal) was unwarranted. It did not amount to res adjudicata or an estoppel by judgment.

The conviction of appellee for perjury for misrepresentation as to his disposition of the $6,000. which he drew from the bank on December 1, 1927, was no doubt considered by the jury, with the further fact that on the same day plaintiff deposited to the same account a larger sum, $8,300, which he may have used for that purpose if he had so desired. This was important in weighing the evidence of Martinez and Fulford and whether or not it was to be believed. If that evidence was not to be believed, there was a lack of evidence of improper use of such moneys to pay the alleged conspirator.

■ We advert to the nature of the plea entered as "nolo contendere" in the federal jurisdiction, which was not "a plea in the strict sense" in criminal law, and was not conclusive in that it was no more than a formal declaration by the accused that he would not contend with the prosecuting authorities under the charge. This procedure is allowable only upon leave and acceptance of the court, and when accepted becomes an implied confession of guilt for the purpose of that case. The effect of the general authorities is that such plea has no effect beyond the particular case, and cannot be used against the defendant as an admission in any civil suit for the same act. 16 C.J. p. 404; United States v. Norris, 281 U.S. 619, 50 S.Ct. 424, 74 L.Ed. 1076; Pharr v. United States (C.C.A.) 48 F.(2d) 767, 770; Hudson v. United States, 272 U.S. 451, 47 S.Ct. 127, 71 L.Ed. 347; Tucker v. United States (C.C.A.) 196 F. 260, 41 L.R.A.(N.S.) 70, 73. In the court's ruling as to this there was no error.

■ We are brought to the consideration of the motion of appellant to take the case from the jury and declare a mistrial because of portions of argument of appellee's counsel to which exceptions were taken and reserved. If the argument made was that of a due reply to appellant, no error intervened. C. D. Hauger Co. v. Abramson, 215 Ala. 174, 110 So. 152; Hines, Director General of Railroads, v. Paden, 204 Ala. 592, 87 So. 88; Central of Georgia Railway Co. v. Ellison, 199 Ala. 571, 75 So. 159. The trial court, in ruling

upon whether or not the reply of appellee's counsel was in all respects a proper reply to argument of appellant's counsel, stated "that it would deny the motion to enter a mistrial, but that it was willing to instruct the stenographer to copy up those portions and instruct the jury that they should not consider those particular things. The court further stated that there was no positive evidence on one or two of those items and he would further instruct the jury that they must bring in a verdict free from bias or prejudice." Counsel for appellee then stated to the court: " 'May it please the Court, the defendant has made certain objections to certain parts of my argument, which he claims to have been improper argument. I wish now to acquiesce, in view of the gentleman's objections, and withdraw from the jury everything to which the objection has been addressed, and to request the jury to entirely ignore and pay no attention whatever to the portions of my argument to which these objections relate, and I join the gentleman in the request and insistence that the jury base their verdict wholly upon the merits of the case and the testimony in this case, without any prejudice or partiality of any kind, and I will read the portions that he has objected to and I wish' to withdraw.' "

After respective withdrawal of remarks by counsel, the court instructed as follows: "Those portions, gentlemen, on the motion of plaintiff's attorney, have been allowed to be withdrawn from your consideration and deliberation in your verdict. The Court now instructs you that this argument is withdrawn from your consideration, and you are directed not to consider, but to ignore anything that is said in those passages. The law expects you gentlemen to render a verdict free from bias, prejudice or ill-will, but on justice and truth, and that is what you seek when you deliberate the evidence in making up your verdict. The Court instructs you not to consider in the remotest degree anything that is said in the paragraphs of argument which now are withdrawn from your consideration."

When the motion and the several objections and exceptions are considered in relation to the whole evidence, we are of opinion that reversible error did not intervene as to the arguments made on the evidence, the withdrawal of all remarks to which exceptions were taken, and the exclusion thereof from the jury. Birmingham Railway, Light & Power Co. v. Sloan, 199 Ala. 268, 74 So. 359; Alabama Great Southern Railroad Co. v. Frazier, 93 Ala. 45, 9 So. 303, 30 Am.St.Rep. 28; Birmingham Railway, Light & Power Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann.Cas. 1916A, 543.

▮ Adverting to appellant's argument, the effect of the judgment in the proceeding in the United States Circuit Court of Appeals, Fifth Circuit, in Virginia-Carolina Chemical Corporation v. Murphy, 32 F.(2d) 87, was conclusive on this hearing of the issue of fact as to how the vessel was cast away or lost, whether as the result of plaintiff's illegal actions and conspiracy, or by the perils of the sea. The authorities are collected in Crowson v. Cody, 215 Ala. 150, 110 So. 46; Clark et al. v. Whitfield et al., 213 Ala. 441, 105 So. 200, and the rules of res judicata and estoppel by judgment are understood and given statement in the foregoing cases and authorities cited. We have indicated that the effect of the decision in Virginia-Carolina Chemical Corporation v. Murphy, supra, was that petitioner's evidence for limitation of liability showed (1) that the vessel was seaworthy; (2) that the petitioner had the burden of proving that it was both seaworthy and lost by perils of the sea; and (3) that the plaintiff's explanation of the loss is not satisfactory, and consequently that appellee (petitioner) has not sustained the burden of proof that was upon him.

We have carefully considered the several insistences of counsel that the judgment in question was not res judicata, and have indicated our view on this issue above; neither do we think that Murphy was precluded by an estoppel of judgment from showing that he did not procure the casting away of the vessel, or that it was lost by reason of the perils of the sea. Interstate Electric Co. v. Fidelity & Deposit Co. of Maryland, 228 Ala. 210, 153 So. 427.

▮ Certain charges refused to appellant are assigned as error. We will not discuss those to which arguments are not directed and insisted upon. Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 So. 158. Charges 5, 6, and 7 contain no hypotheses as to the finding of the jury, notwithstanding the fact there was evidence of both the truth and falsity of appellee's pleas. There were many witnesses testifying pro and con for the respective parties to this suit. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135.

■ The recent cases declare that it is not the duty of the court to single out particular circumstances *which did not form one of the issues* in the case, and instruct the jury as to what should be believed in such circumstances, "without a statement of its effect on the findings of the jury, if any." Lehigh Portland Cement Co. v. Donaldson (Ala.Sup.) 164 So. 97, 100;[1] Johnson v. Louisville & N. R. Co., 220 Ala. 649, 127 So. 216; Ridgely Operating Co. v. White, 227 Ala. 459 (19), 150 So. 693.

■ Charge 6, refused to appellant, related to matters of fact not an issue presented by the pleadings or upon which the jury were required to pass or make a specific finding thereon. That is, appellee made no allegation of the cause of the sinking of the vessel; appellant presented by its pleading, averments to the effect that the ship was scuttled and cast away by appellee. It follows that unless the jury found to its reasonable satisfaction that appellant's allegation of the cause of destruction of the vessel was true, the verdict was, as returned in favor of the plaintiff, without regard to any other cause of its sinking. Charge 6 had the effect of impressing the jury that the plaintiff had the burden of showing what the cause of the destruction of the vessel was—other than than it was not caused by his criminal agency. If the jury were not reasonably convinced by the evidence that the vessel was destroyed by the fraud of the plaintiff, as alleged in its pleas, the defense failed, whatever the cause of the destruction of the vessel. We have indicated that it was for the jury to say whether its destruction was as stated by Martinez and Fulford for the defendant, or by Henry Murphy, Rousselle, or other witnesses for the plaintiff. The inferences of such evidence were adverse. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135. We find no reversible error in refusing charge 6 requested in writing by the defendant.

■ The refusal of charges 7 and 7–a is assigned as error. These requests were for instruction that the record of plaintiff's conviction *"is a solemn judicial finding,* and should be clothed with a prima facie presumption of verity" in a civil suit, where the conviction in a criminal case and the civil action pertain to the same act. It is true that these charges did not distinguish between criminal convictions and findings in civil actions. The charges were not covered by given charges. When the defendant, on its case, introduced in evidence the certified copy of plaintiff's conviction for the crime of conspiracy to destroy, and evidence tending to show destruction of the injured property, the burden of proof on the issue of whether he procured the loss of the vessel shifted to plaintiff. Was there error to reverse in refusing to give to the jury written charges 7 and 7–a? It is now regarded as settled that the record of a conviction under indictment for a criminal offense, where the party so convicted of that charge is a party to a civil suit involving the same matter, offered in evidence in such civil proceeding, will be received as "'prima facie' or 'presumptive' evidence of guilt." Sovereign Camp, W. O. W., v. Gunn, 227 Ala. 400, 150 So. 491, 493. The charges may well be refused as not defining the issues, and as confusing. That is to say, the expression "prima facie evidence" is a legal term, which, written into a charge to a jury, without explanation, is calculated to be confusing and misleading. Charges 7 and 7–a are thus justified in their refusal. The last-cited case (Sovereign Camp, W. O. W., v. Gunn) extended the rule or evidentiary effect of such evidence beyond that contained in Fidelity-Phenix Fire Ins. Co. v. Murphy, 226 Ala. 226, 230, 231, 146 So. 387. (Italics supplied.)

Affirmed.

BOULDIN, BROWN, and KNIGHT, JJ., concur.

### On Rehearing.

THOMAS, Justice.

We have indicated the nature and limited power of a plea of nolo contendere, which may be interposed in a federal court by the consent of its presiding judge. No such plea is recognized; nor could one be entered or sentence had thereon, under our system of jurisprudence. There was no error in sustaining plaintiff's objection to the offer by defendant to introduce in evidence —for the stated purpose of disqualifying Murphy as a witness—his conviction and sentence entered (on such plea) in the United States District Court for perjury or subornation of perjury. The plea of nolo contendere served its purpose in that

---

[1] Ante, p. 242.

court. Since it did not obtain and could not be entered in the state court, it must be limited in its effect, purpose, and good faith. We have an analogy, in equity, well stated in Prowell v. Wilson, 219 Ala. 645, 123 So. 38, in the express and limited effect or protestation in the caption of a plea to prevent a defendant from being concluded in another suit by admissions so made.

In accord with our decisions, as indicated on the original hearing, the trial court instructed the jury as affecting plaintiff's credibility, and not as to his disqualification as a witness, by reason of the nature of the plea he entered.

We have re-examined, on rehearing, the effect of our statute, section 7722, Code, as to its application to convictions in the federal courts for perjury or subornation of perjury. The view now entertained denies the application for rehearing.

The writer, Justices BROWN and KNIGHT concur in the view of Mr. Justice BOULDIN, stated as follows:

BOULDIN, Justice.

Is a person convicted of perjury or subornation of perjury in the District Court of the United States sitting in Alabama a competent witness in the courts of Alabama?

Prior to 1883 the common law touching the competency of witnesses convicted of crime prevailed in this state. Under such common law all persons convicted of crime of the class broadly designated as crimen falsi were rendered incompetent to testify in a court of justice. Moore v. State, 12 Ala.App. 243, 67 So. 789.

In Sylvester v. State, 71 Ala. 17, 23, the rule was applied to a witness convicted of petit larceny by a justice of the peace.

At the next session of the Legislature, 1883, our present statute was enacted. It reads: "7722. (4008) (1795) (2766) *Competency of witness as affected by conviction for crime.*—No objection must be allowed to the competency of a witness because of his conviction for any crime, except perjury or subornation of perjury; but if he has been convicted of a crime involving moral turpitude, the objection goes to his credibility."

Manifestly, this statute was not one imposing disqualifications not then existent, but one removing former disqualifications, providing that conviction of crime involving moral turpitude should go to the credibility, not the competency, of the witness, but expressly excepting convictions for perjury or subornation of perjury.

The reason for the exception, leaving the common law in force as to perjurers, is not far to seek. The crime of perjury strikes at the foundation of the administration of justice in the courts. It pollutes the temple of justice. It not only tends to defeat justice in the particular case, but to convert the tribunal of justice into a forum of oppression and wrong, with all the loss of respect and confidence which such results entail. It is expressive of a public policy, viz., that one who has willfully sworn falsely to material facts should not again be put on the witness stand. Not that he may not tell the truth, but that he is too untrustworthy to take the risk.

The solemn adjudication of that fact, with all the safeguards surrounding a defendant on trial for crime under our institutions, is accorded full verity on the question of competency. Is such verity to be accorded only to convictions in the state court, or is the statute to be so construed as to accord the same verity to a conviction of perjury in a federal court in Alabama?

The statute is silent on the subject, and is to be construed to accomplish the ends for which such exception was retained.

We have another statute (Code 1923, § 6256, subd. 1) declaring an attorney at law must be removed, deprived of the right to follow his profession, "1. Upon his being convicted of a felony other than manslaughter, or of a misdemeanor involving moral turpitude; in either of which cases the record of his conviction is conclusive evidence." This statute is also silent as to the court or jurisdiction in which he is convicted. In State ex rel. Sanford, Solicitor, v. Riddle, 213 Ala. 430, 105 So. 259, 262, on consideration by the full court, it was held to include conviction for an offense under federal law in a federal court in Alabama. Among the announcements in the well-reasoned opinion, written by Mr. Justice Somerville, are these: "The federal courts in Alabama are not foreign courts. They are an integral part of the judicial structure of the state, less important to the people than state courts, because more limited in their field of operation, but of equal honor and dignity. Their juries are drawn from the same citizenry, and their rules of

evidence and procedure for the most part follow those of the state."

The decision discloses a full consideration of authorities elsewhere holding convictions for crime in one state not evidence of incompetency of a witness in another state. Commenting on such cases, it is said: "The analogy fails because the principle invoked involves convictions in *other states,* and not in federal courts of the *same state.* It is to be noted, also, that the reason given for the rule is that the disqualification of a witness is in the nature of a penalty, and penalties of that sort can have no exterritorial operation. That reasoning is, we think, faulty, and loses sight of the main purpose of the disqualification, the protection of litigants or defendants against probably perjured testimony. Taylor v. State, 62 Ala. 164. Four courts seem to have held to the contrary. Chase v. Blodgett, 10 N.H. 22, 24; State v. Foley, 15 Nev. 64, 37 Am.Rep. 458; State v. Candler, 10 N.C. 393; Day v. Lusk (Mo.Sup.) 219 S.W. 597."

Further on in the opinion it is expressly announced that no decision is intended as to convictions in other states. This simply emphasizes that the federal courts in Alabama are not to be classed as foreign courts.

Emphasis throughout is laid on the purpose of the statute, disbarment of one convicted of crime as a protection to the public, especially in preserving confidence in and respect for courts of justice in view of the relation of attorneys thereto.

Again in Louisville & N. R. Co. v. Tally, 203 Ala. 370, 373, 83 So. 114, 117, it is said: "It is true the judgment in question was rendered by the federal court, but it is a court of this state, and to every intent and purpose its judgment is what is termed a 'domestic judgment' and should be accorded the same verity as one rendered by the courts of general jurisdiction of this state. Black on Judgments, § 285; Pearce v. Winter Iron-Works, 32 Ala. 68; Riverdale Cotton Mills v. Alabama & G. Mfg. Co., 198 U.S. 188, 25 S.Ct. 629, 49 L. Ed. 1008; 15 R.C.L. § 364, p. 886; Reed v. Vaughan, 15 Mo. 137, 55 Am.Dec. 133, and note. See, also, note 32 Am.St.Rep. 213."

True, that case did not involve the direct question here presented, but did involve the presumption of verity accorded the judgments of such courts.

The federal laws administered in the federal courts are laws governing the citizens of Alabama just the same as the laws of state origin. Moreover, the federal courts daily adjudicate the rights of parties under state laws, just as the state courts constantly adjudicate the rights of litigants under federal law.

While state and federal courts are created by and derive their jurisdiction from different sovereignties, each having its own autonomy in our federal system, ours is one government, one system of laws, all affecting and governing the lives and transactions of each and every citizen.

Perjury triable in the federal court is the same character of crime triable in the state court.

All the safeguards, indictment by a grand jury, trial by jury, a unanimous verdict, proof beyond a reasonable doubt, benefit of counsel, compulsory process for witnesses, are common to both jurisdictions. The defendant may become a witness in his own behalf in the federal as well as the state court. 28 U.S.C.A. § 632.

Another consideration which we deem of importance is that by express statute the rules as to competency of witnesses under the state laws govern in civil causes in the federal courts. 28 U.S.C.A. § 631 and notes; 25 C.J. p. 816; 70 C.J. p. 113.

What follows? If a witness appears in the federal court in a civil action such as this, objection to his competency because convicted of perjury in the state court would be good. Another witness appears and objection to his competency is made on the ground that he was convicted of perjury in that court, the very court where he comes to testify; shall the court say go ahead, you were only convicted of perjury in this court, not in a state court? To carry the illustration further, if one party to the suit has been convicted of perjury in the state court, his mouth is closed as a witness on objection of the other party. Then the other party appears as a witness. He has been convicted of perjury in the federal court trying his case, but nevertheless he is a competent witness, if we accept the view of appellee in this case.

Legislative acts should not be construed to work such results unless clearly so intended.

We are not unmindful that the weight of authority, cases and text-writers, is opposed to the views we have expressed.

Mr. Wigmore in an elaborate discussion (volume 1, §§ 519 to 524) deals with the severity of the common-law rules of incompetency for the commission of crime, quoting from Jeremy Bentham, the decisions of the several states; the general tenor of his views being that no limitation on the competency of witnesses for conviction of crime should be retained. Section 524.

Mr. Jones, vol. 5, §§ 2096 to 2098, treats the subject quite fully, announcing (section 2098) that by the weight of authority United States courts and state courts are considered foreign courts.

Very few cases have arisen in which the exact question here presented was involved. See Brown v. United States (C.C.A.) 233 F. 353, L.R.A.1917A, 1133, and note p. 1138; 70 C.J. pp. 110 to 113.

The reasoning of those cases, treating federal and state courts of the same state as foreign, etc., has been departed from in our decisions.

▆ The law may be considered in a formative state on the question immediately before us. We consider our cases state the better reason, and that a witness convicted of perjury in a federal court in Alabama is rendered incompetent in the courts of Alabama.

▆ In this cause, however, we are impelled to hold there was no judgment of conviction with the usual incidents to a conviction for perjury on a plea of guilty or not guilty.

The record shows the judgment entered on a plea of nolo contendere. This is a special and limited plea recognized in some jurisdictions. It may not be filed as matter of right, but only allowable upon acceptance of the court. When so accepted, it has the effect of a compromise agreement between the state and the accused to the effect that a judgment of conviction be entered, but only for the purposes of the particular case, not to become evidence against the accused in any other proceeding. Such a plea, therefore, enters into and limits the judgment of conviction rendered thereon. The sovereign having entered into such covenant with defendant, evidenced by acceptance of such plea, good faith demands that the judgment be given no more effect than thus stipulated. 16 C.J. p. 404, and notes.

THOMAS, BROWN, and KNIGHT, JJ., concur in the foregoing.