166 So. 696

### PACIFIC MUT. LIFE INS. CO. OF CALIFORNIA v. GREEN.

#### 6 Div. 907.

Supreme Court of Alabama.

March 19, 1936.

London, Yancey, Smith & Windham, of Birmingham, for appellant.

Clifford Emond, of Birmingham, for appellee.

THOMAS, Justice.

The suit was for disability insurance. The trial was had on amended count 2 and plea in short by consent. The special defenses were breach of warranty, and alleged misrepresentations made in the application for insurance, which were made with the actual intent to deceive, or that the matter misrepresented increased the risk of loss. Commonwealth Life Insurance Company v. Brandon (Ala.Sup.) 167 So. 723;[1] Commonwealth Life Ins. Co. v. Harmon, 228 Ala. 377, 153 So. 755.

Appellant's claim of misrepresentation is based on an examination made of appellee in 1925 in a government hospital in Memphis, Tenn., and notations made of diseases in the records of the hospital for which appellee was never treated. The evidence is without dispute that appellee was never informed by any physician of such notations, other than that he had infected tonsils, for which he underwent an operation and was relieved thereof. In making the application for insurance to defendant company, it was informed of the removal of his tonsils, and the name of the surgeon so operating given.

The evidence further showed that after removal of appellee's tonsils, he increased in weight from 137 lbs. to more than 170 lbs.; that there was no evidence of any sickness or ailment of appellee until long after the issuance of the policy; that the policy was issued after a physical examination of appellee by the company's physician and his report of no physical impairment and no evidence of the ailments noted by the Memphis examination several years before. The jury properly found these issues for the appellee.

■ In view of the assignments of error insisted upon, it will be observed that the rules that obtain as to improper arguments are collected in Fidelity-Phenix Fire Ins. Co. of New York v. Murphy (Ala. Sup.) 166 So. 604;[2] Birmingham Railway, Light & Power Co. v. Sloan, 199 Ala. 268, 74 So. 359; Birmingham Railway, Light & Power Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann.Cas.1916A, 543; Anderson v. State, 209 Ala. 36, 95 So. 171; that such questions are "decided upon consideration of the peculiar facts involved and of the atmosphere created in the trial of the cause." Birmingham Electric Co. v. Cleveland, 216 Ala. 455, 113 So. 403, 407; Birmingham Electric Co. v. Mann, 226 Ala. 379, 147 So. 165. Much discretion is allowed the trial court in such matters (Peterson v. State (Ala.Sup.) 166 So. 20;[3] Phillips v. Ashworth, 220 Ala. 237, 124 So. 519; Metropolitan Life Ins. Co. v. Estes et al., 228 Ala. 582, 155 So. 79; American Ins. Co. of Newark, N. J., v. Fuller, 224 Ala. 387, 140 So. 555), and it is recognized that the court must duly control the trial, and prevent the introduction of se-

---

[1] Post, p. 265.  [2] 231 Ala. 680.  [3] 231 Ala. 625.

rious prejudice or bias; and in doing this, much must be left to the enlightened judgment of the trial court, with the usual presumptions in favor of the rulings made to that end. Birmingham Electric Co. v. Mann; Peterson v. State, supra.

It will be further noted, that, on motions for new trials, there is a distinction to be observed in cases where the jury awards excessive damages, as that the size indicates prejudice or bias (Birmingham Electric Co. v. Ryder, 225 Ala. 369, 144 So. 18; Birmingham Baptist Hospital, Inc., v. Blackwell, 221 Ala. 225, 128 So. 389); and in cases where the amount of the verdict does not enter into consideration, as where a stipulated sum is that to which plaintiff is entitled or is not entitled.

■The 4th assignment of error is based on that part of the argument of appellee's counsel which follows:

"* * * Why, this doctor Mr. Green says he went to under the order of the court, under the defendant's motion here, went to this doctor, this very doctor, they didn't even bring him up here and treat you fair about it and put him on the stand.

"Mr. Windham: I object to that, if your Honor please, whether or not we brought him up here.

"The Court: Sustained.

"Mr. Emond: We brought him up here and put him on the stand.

"Mr. Windham: Just a minute, Mr. Emond. Let me complete my objection.

"I want to state my grounds. Improper, prejudicial, and in effect a repetition of the matters that came up during the progress of the trial and which the court ruled were improper. Your Honor sustains the objection, do you?

"The Court: Yes.

"Mr. Windham: I move for a mistrial on account of that argument as being improper, prejudicial, and a repetition of matters that have already been ruled on by your Honor; and your Honor cautioned Mr. Emond once before not to repeat that.

"The Court: Well, I will overrule the motion for a mistrial.

"Mr. Windham: We reserve an exception."

It will be noted that the trial court sustained appellant's objection to the argument made, excluded the remark, and overruled the motion for a mistrial. In these rulings, there was no error. Fidelity-Phenix Fire Ins. Co. of New York v. Murphy; Peterson v. State, supra.

The argument was not of a nature so prejudicial as would require the trial court to declare a mistrial. Moreover, it was merely a comment on facts that had taken place before the jury—the physician in question was before the court and testified, and defendant had the right of his cross-examination. It was further in evidence that plaintiff went to that physician by order of the court in response to defendant's motion. Thus is this case distinguished from Coosa Portland Cement Co. v. Crankfield, 202 Ala. 369, 80 So. 451, where the witness was absent; Jordan v. Austin, 161 Ala. 585, 589, 50 So. 70, and Boyle v. State, 229 Ala. 212, 213, 154 So. 575, where the objection was overruled; and within the rule of the cases of Peterson v. State, Birmingham Electric Co. v. Ryder, and Fidelity-Phenix Fire Ins. Co. of New York v. Murphy, supra, where the objection was sustained and the remark excluded.

■ The other objections to argument, as "When the shoe begins to pinch a little bit, he objects," and "You don't want the jury to see that," did not warrant the entry of a mistrial and were not within the category that occurred on the trial and the ruling made in Birmingham Electric Co. v. Ryder, 225 Ala. 369, 144 So. 18.

■ The last assignment of error is based on a mere argument of appellee's counsel, appealing to the evidence and common knowledge of the jury from such evidence. The court, however, sustained objection thereto. It did not merit the corrective effort of the mistrial sought in the appellant's motion.

There was no error, for reasons stated, in overruling the motion for a new trial.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.